ANTONIO M. NUNES & others, *vs.* JULIO R. MEDEIROS & others.

Bristol.    October 23, 1933. — February 13, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Fraternal Beneficiary Corporation,* Amendment to by-laws, Expulsion of member. *Mandamus.*

Amendments to the by-laws of a fraternal beneficiary corporation reducing the amount of disability benefits to be paid to members and changing the methods by which they should be paid did not violate a provision of the constitution of the corporation which granted "permanent subsidy to its members while disabled" but made no reference as to the manner or amount of such payments.

Such amendments were *held* not to have been illegal and void on the ground that they were so foreign to the general scheme and purpose of the organization and so contradictory to its fundamental law and contracts made under it as not to be within the power of amendment.

A member of a subordinate council of a fraternal beneficiary corporation made formal complaint in writing against the council's president charging him with violation of his duties. A provision of the by-laws of the corporation, relating to "Accusations and their Dispositions," required that, when the accused and the accuser were members of the same council, the complaint should "be given immediately to a Board of Arbitration for trial." The council, without a trial or hearing of witnesses, voted not to accept the complaint. The accuser then

filed his complaint with the directors of the corporation, among whose duties, provided in the by-laws, was the duty to "judge a complaint that has not been considered, from a member against a member of any Council, member against officer or Council and President against a member." The directors, after hearing both parties, expelled the accused from the corporation, and, at a subsequent meeting of the Supreme Council of the corporation, the expulsion was declared legal. The expulsion was called in question by a petition of members of the subordinate council, including the expelled member, for a writ of mandamus. The petition was dismissed. *Held,* that

(1) The subordinate council took no such action as to deprive the directors of jurisdiction to act as upon a complaint which had "not been considered";

(2) The action of the directors and of the Supreme Council was not open to revision.

Upon an exception to the refusal of a request for a ruling, "The Constitution and By-laws of the Society are binding on the members and officers thereof," which was presented by the petitioners at the hearing of a petition by members against officers of a fraternal beneficiary corporation for a writ of mandamus, the petitioners before this court did not urge that the ruling should have been made as a statement of fundamental law or otherwise than by way of argument in support of a request that "on all the evidence the writ should issue" directing the secretary of the corporation to amend his minutes to show "the true facts in reference to" a vote on a proposed amendment to the corporation's by-laws. The record disclosed that the question of approval of such minutes was discussed at the annual meeting of the corporation following that at which the vote on the amendment to the by-laws occurred, that the minutes were approved by a large majority vote, and that a single justice who heard the petition denied the petition "on all grounds including such discretion as I may have" so far as it related to the alleged failure to comply with the by-laws in regard to the keeping of the minutes of the annual meeting. *Held,* that the exception must be overruled.

PETITION, filed in the Supreme Judicial Court for the county of Bristol on June 1, 1932, and afterwards amended, for a writ of mandamus.

The petitioners were members of various subordinate councils of the Royal Michaelense Autonomic Beneficent Association, a fraternal beneficiary corporation incorporated in this Commonwealth, and included Jose Silva (also called Jose M. Silva), named in the opinion.

The petition as amended included, among others, averments that amendments to the by-laws of the corporation required a vote of two thirds of the representatives present; that the vote on "proposed amendments . . . reducing the

amounts to be paid as disability subsidy and as permanent subsidy" was twenty-four in favor and twenty-two opposed; but that the respondents nevertheless had put the amendment into effect. The "paragraph A of the first prayer of the petition as amended," referred to in the last paragraph of the opinion, was that the respondent who was the Supreme Secretary be directed to amend and correct the records respecting that vote and that the respondents refrain from putting it into effect.

The petition was referred to an auditor and afterwards was heard by *Field*, J., on the auditor's report and a statement of agreed facts. The auditor found that the amendments in question were "duly and regularly adopted by a two-thirds vote of those present and voting." From such agreed statement of facts it appeared that, at a meeting of the corporation in the year following the vote on the amendments in question, the minutes respecting the vote therein were called in question, and, following a discussion, the minutes were approved by a vote of thirty-six to four. Among other findings and rulings of the single justice were the following: "So far as the petition is based upon failure to comply with by-laws in regard to the keeping of the minutes of the annual meeting and with regard to information given concerning the financial transaction of the corporation, the petition is denied on all grounds including such discretion as I may have."

Other material facts and findings by the auditor and the single justice are stated in the opinion.

The petition was ordered dismissed. The petitioners alleged exceptions.

*J. T. Farrell,* (*F. M. Silvia* with him,) for the petitioners.
*J. F. Francis,* for the respondents.

PIERCE, J. This is a petition for a writ of mandamus brought by members of a duly incorporated beneficent society.

The petition was filed on or about June 1, 1932. After the filing of the answer the petitioners were allowed to amend their petition; and the respondents were allowed to amend the records of the annual meeting of the society

for the year 1932 by adding to the record after the word "Voted" "Unanimously by rising vote of more than two-thirds of members present, no votes recorded against." The case was thereupon referred to an auditor, and was heard at length by him. Evidence was introduced concerning the matter of the expulsion of Jose Silva, one of the petitioners, and the question was fully heard by the auditor. Between the time of the close of the hearing before the auditor and the argument on his report, another annual meeting of the corporation had taken place and changes had been made in the personnel of the directors. When the case came on for argument before a single justice of this court the following motion to amend the petition after argument was allowed: "Now come the petitioners in the above entitled action and move that the petition, as amended, be further amended by striking out everything after the heading and substituting therefor the following new petition." Briefly stated the petition as finally amended seeks the correction of the records of the society in relation to a purported amendment to the by-laws having to do with the payment of disability and permanent subsidies to the members of the corporation. It also seeks the reinstatement of Jose Silva, one of the petitioners, who was, it alleges, unlawfully expelled from the society. The respondents are the supreme president, supreme secretary, supreme treasurer and certain supreme directors of the society.

At the hearing on the last amended petition before a single justice of this court, no oral evidence was heard, but the parties submitted an agreed statement of facts with the express agreement that the case was to be decided on the facts found by the auditor, except as such findings might be found by the court to be controlled, altered or modified by anything contained in the said agreed statement of facts. The statement of agreed facts is set out in full in the record and will be referred to as required in the consideration of the exceptions taken to the findings and rulings of the single justice.

Briefly stated, the excepting parties, the petitioners,

contend that certain amendments to the by-laws of the corporation purporting to have been made at the annual meeting of the corporation in January, 1932, were illegally adopted and are of no force and effect because of that fact, and therefore the records of the corporation should be corrected accordingly; and that the respondents as shown by the agreed facts have refused to make or order those corrections. In regard to Jose Silva it is contended that he has been illegally expelled by the respondents or their predecessors in office, and that they have refused to reinstate him; and, therefore, the petitioners pray for his reinstatement. The petitioners further allege and contend that they have exhausted all remedies open to them within the corporation; that the answer of the respondents to the petition as finally amended is in effect a general denial — a further answer that the petitioners have an adequate, appropriate and effectual remedy within the corporation and that therefore the petition is prematurely brought. Exhibit "A" referred to in the findings and rulings of the single justice is a book containing the constitution and by-laws of the society in the Portuguese language and in the English language. Exhibit "B" referred to in said findings and rulings is the pamphlet containing the records or minutes of the annual meeting of January, 1932, the only part thereof now pertinent being identical with that part of exhibit "9A" (which is set out in full in the record of this case) beginning with the words "Following are the amendments." Exhibit "16" referred to in said findings and rulings is a report of the financial condition of the corporation filed with the commissioner of insurance and is stated by the petitioners to be "not now material."

The petitioners out of the six questions raised for determination now raise only two: (1) "Whether the record in regard to the adoption of the amendment in question should be changed"; this was substituted for question five which read: "Whether or not the constitution has been violated in the elimination of sections 88–92 and in changing section 85"; and (2) "Whether or not the petitioner, Jose Silva, is entitled to reinstatement"; the original question six read

"Whether or not Jose Silva has been legally expelled from the association." We think the said questions one and two now presented to this court are, in substance, respectively the questions numbered five and six presented to the single justice, and we shall consider them on the footing that they are alike on the issue to be determined.

Question 1 is not intended to raise an issue as to the method or procedure used by the Supreme Council in eliminating §§ 88–92 of the by-laws and in changing § 85, but is intended to raise the single issue whether or not the action of the Supreme Council in this respect violated the constitution of the association. There is no contention by the respondents that the 1932 amendment reducing the sick benefits payable to members was intended to be an amendment to the constitution of the association or that, in legal effect, it was an amendment to it. The constitution by "Article V" grants a "mortuary bonus to the legal beneficiary or beneficiaries of the deceased member." "Article VII" grants "permanent subsidy to its members while disabled." This provision was interpreted by the respondents to provide for sick benefit payments to members permanently incapacitated. The petitioners contend that the amount of this permanent subsidy is not to be confused with the temporary disability by-law § 85, paragraph 4, as it was prior to the introduction of the proposed amendment. Section 90 of the by-laws which was eliminated reads: "To a member permanently incapacitated to work, the total permanent disability subsidy shall be paid, as referred to in ¶ 4, Sec. 85, when he claims it, returns the benefit certificate in his possession, makes a declaration duly signed and sworn to, as he waives all the rights to membership and submits to the medical consultation determined by the Directors." Art. VII of the constitution "grant[s] permanent subsidy to its members while disabled." It does not provide the manner and amount of such payments. Section 85, paragraphs 1, 2, 3 and 4, and § 90 of the by-laws do so provide. It is obvious the amendments of §§ 85, 86 and 87 do not deprive the members from having a "permanent subsidy" while disabled. It is to

be noted that art. VII of the constitution does not give to disabled members the right to a lump sum as is granted under § 90 of the by-laws upon the member doing certain things hereinbefore enumerated. The petitioners contend that the elimination of § 90 and of paragraph 4 of § 85 of the by-laws completely wiped out the right of the member to the permanent disability subsidy which was guaranteed to him under art. VII of the constitution. It is plain that this is not the result that follows the elimination of § 90 and paragraph 4 of § 85. There is nothing in art. VII of the constitution which grants a lump sum for permanent disability, or, if a right to receive a lump sum is granted where there is a permanent disability, upon the doing of certain things by the disabled member, which inhibits the Supreme Council from changing the by-laws that provide the manner and amount of subsidy to be paid a member of the association disabled from working.

The petitioners further contend that irrespective of the rights of the corporation to amend its by-laws the proposed amendment is illegal and beyond the powers of the corporation because it is foreign to the general scheme and purpose of the corporation and is therefore contrary to the fundamental law. We do not think that the proposed amendments are "so foreign to the general scheme and purpose of the organization and so contradictory to its fundamental law and . . . contracts made under it, as not to be within the power of amendment." *Messer* v. *Ancient Order of United Workmen*, 180 Mass. 321, 324. *Delaney* v. *Ancient Order of United Workmen*, 244 Mass. 556, 564. It is to be noted that, in the above consideration of the question whether or not the constitution has been violated in the elimination of §§ 88–92 and in changing § 85 of the by-laws of the association, it is assumed that the motion of the petitioners, and the action of the Supreme Council thereon at the annual meeting of the Supreme Council, held January 16 and 17, 1933, (which was the next annual meeting held by the Supreme Council after the annual meeting for the year 1932 at which §§ 88–92 were eliminated and a change made in § 85,) were a sufficient appeal

within the association to permit the petitioners, after an adverse decision to their contention by the Supreme Council, to seek redress by mandamus in the Supreme Judicial Court.

On the second issue presented by the petitioners the facts shown by the record are as follows: On January 23, 1932, one Souza, a member of council No. 17, of which Jose Silva was president, in compliance with c. XXXI of the by-laws of the association, entitled "Accusations and their Dispositions," made a formal written complaint against Jose Silva charging him with violation of his duties both as president and as a member. A copy of the complaint is marked exhibit "5" in the record. Section 231 of said chapter provides as follows: "When the accused is a member or officer of the Council of the accuser, the complaint shall be given immediately to a Board of Arbitration for trial." The council after motions to accept and not to accept the accusation voted not to accept the complaint. On February 13, 1932, another member of council No. 17, one Silva, made a formal complaint against Jose Silva, in accordance with c. XXXI of the by-laws of the association, alleging that he permitted members in arrears to vote at meetings of the council. A copy of this complaint is marked exhibit "13" in the record. Following motions to accept and not to accept the complaint, the council voted unanimously not to accept the complaint. In neither case was there any trial, nor were any witnesses heard for the complainants. In pursuance of the right given accusers by § 40, paragraph 26, of the by-laws, which, under the caption "The duties of the Directors are," reads: "To judge a complaint that has not been considered, from a member against a member of any Council, member against officer or Council and President against a member," Souza filed a similar complaint with the supreme board of directors on February 18, 1932. Notice was sent to Silva informing him that he would be given a hearing on this complaint on February 24, 1932, at the headquarters of the association. On February 24, 1932, pursuant to the notice dated February 18, 1932, Silva was given a hearing on the complaint

by the supreme board of directors, and on March 30, 1932, after consideration of the complaint the supreme directors made a decision, a copy of which is exhibit ".11." The substance of the decision reads as follows: "The Directors in session on this day deliberating the penalty to be applied to the above-named member considering the gravity of the accusations constituting the complaint against said member resolve that he be expelled from the Association." On April 1, 1932, notice of the decision was served on Silva. On April 15, 1932, he filed a notice of appeal from the decision to the Supreme Council. The agreed statement of facts discloses that the Supreme Council at the next annual meeting, in January, 1933, after hearing "declared Jose M. Silva legally expelled from the association." The petitioners contend on the above record that the board of directors had no jurisdiction to consider the complaint in question because, as they contend, the subordinate council, No. 17, did take action on the complaint when it refused to receive it and send it to the board of arbitration for trial under c. XXXI, § 231. We think the contention of the petitioners that the council is not required under § 231 to refer the complaint to the board of arbitration unless it is accepted for trial under § 234, which reads, "Any accusation, after its acceptance for trial, shall be copied, authenticated, and a copy sent to the accused," is unsound. A mere refusal, as here, to accept an accusation for trial is not such a consideration of the subject matter of the accusation as deprives the board of directors of its power and duty "To judge a complaint that has not been considered." It follows that the action of the board of directors on the complaint, and of the Supreme Council on appeal, must stand unless there was error at the hearing before the single justice.

The exceptions, as argued, to the refusal of the single justice to give request "4. The constitution and by-laws of the society are binding on the members and officers thereof"; and "7. The adoption of the proposed amendment at the 1932 meeting of the association which eliminated §§ 88–92 of the by-laws was in contravention of the constitu-

tion and the proposed amendment was not legally adopted," are discussed in the brief solely on the ground that they should have been granted as statements of legal propositions, which supported the contention of the petitioners that the writ should issue to amend the record because the record, as it stands, does not show that the sections in question were amended and other sections eliminated by one vote; and, therefore, if at some future time a member should seek to enforce the right to temporary sick benefits as they were prior to the introduction of the amendment in question, the record of the 1932 meeting in its present form would be a complete bar to his claim because of the fact that no oral evidence could be introduced to contradict it, citing *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 253 Mass. 205, 217. No contention is made in the brief that request "4" should have been given as a statement of fundamental law, or otherwise than by way of argument in support of the first request that "On all the evidence the writ should issue in accordance with paragraph A of the first prayer of the petition as amended." The petitioners do not specifically contend that there was other error in the findings and rulings of the single justice. We find no error therein.

It follows that the order dismissing the petition was right, and that the exceptions should be overruled.

*Exceptions overruled.*