HENRY M. GOLDMAN *vs.* COMMERCIAL TRAVELLERS EASTERN ACCIDENT ASSOCIATION.

Suffolk. December 7, 1938. — December 30, 1938.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Insurance,* Disability, Proof of loss, Fraternal beneficiary insurance, Modification of policy. *Contract,* Modification. *Fraternal Beneficiary Society.*

By reason of St. 1911, c. 628, § 8, a certificate of a fraternal beneficiary corporation, issued in 1913 and providing insurance against disability from injury sustained "while riding as a passenger in a passenger car," gave no right of recovery to the certificate holder for disability due to an injury resulting from his slipping on a step of a car, where

it appeared that, after the issuance of the certificate and before the injury, the corporation had amended its by-laws to limit the indemnity to disability caused by injury to a passenger who was "inside a passenger car."

Under a provision of a certificate issued by a fraternal beneficiary corporation requiring for recovery by a claimant that he had been disabled by an injury which caused some external or visible mark upon him and that he submit proof of his injury satisfactory to the corporation's board of directors, a decision by the board that proofs submitted were not satisfactory to them was justifiable where there had been furnished to them only a statement by the claimant made fifteen days after the injury answering in the negative a question whether there were any marks upon his body, and hospital records to which they were given access that either stated that there were no marks or made no mention of their presence or absence; and the claimant was not entitled to recover indemnity.

CONTRACT. Writ in the Superior Court dated May 26, 1932.

A verdict for the defendant was ordered by *M. Morton, J.* The plaintiff alleged exceptions.

*W. H. McLaughlin,* for the plaintiff.

*R. Walsworth,* for the defendant.

RONAN, J. The plaintiff upon becoming a member of the defendant, a corporate fraternal beneficiary association, in September, 1913, received a certificate by which it agreed to pay certain sums upon death or disability caused by accident. The plaintiff was a member in good standing when on January 6, 1930, he was injured while alighting from a train at Manchester, New Hampshire, when "he slipped on the last or next to the last stair on which there was some ice 'or something' and landed" upon the station platform. He sought in each count of his declaration to recover indemnity for one hundred four weeks at the rate of $50 a week, on the ground, as alleged in the first count, that he suffered a "total disability from injury received while riding as a passenger in a passenger car of a passenger train propelled by steam" and, as alleged in the second count, for "disability in accordance with the terms of certificate in defendant company." The plaintiff excepted to the direction of a verdict for the defendant.

The plaintiff was protected only to the extent of the contract he had made with the defendant and he was not

insured against all accidents. To recover he was bound, in the first place, to prove that the accident with its consequent disability was one among those described in his certificate, and then he was required to show that he had submitted proof satisfactory to the board of directors of the defendant. The defendant, however, had amended its by-laws before the date of the accident and had struck out the words which we have quoted from the first count of the declaration and substituted for them a total disability resulting "from accident which occurred to the member while riding as a passenger on a passenger train and inside a passenger car thereof, which train or car was propelled by steam power." The amendment restricted the defendant's liability by limiting the nature of the accident for which it could thereafter be required to pay indemnity at the prescribed rate. We need not decide whether in the absence of a statute the defendant was authorized to effect such an amendment. *Newhall* v. *American Legion of Honor*, 181 Mass. 111. *Porter* v. *American Legion of Honor*, 183 Mass. 326. The plaintiff in addition to his rights as a member in the defendant association had certain contractual rights which did not depend entirely upon the defendant's by-laws. *Pain* v. *Société St. Jean Baptiste*, 172 Mass. 319. *Messer* v. *Ancient Order of United Workmen*, 180 Mass. 321. Following the extended litigation of the American Legion of Honor (see *Attorney General* v. *American Legion of Honor*, 206 Mass. 131, and companion cases) the Legislature enacted St. 1911, c. 628, § 8, which provides: "A certificate issued by any such society shall specify the amount of death benefit provided thereby; and the certificate, the charter or articles of incorporation (or if a voluntary association, the articles of association), the constitution and laws of the society and the application for membership and medical examination, if any, signed by the applicant, and all amendments to each thereof, shall constitute the agreement between the society and the member; and copies of the same, certified by the secretary of the society or corresponding officer, shall be received in evidence of the terms and conditions thereof.

Any changes, additions or amendments to said charter, or articles of incorporation (or articles of association if a voluntary association), constitution or laws duly made or enacted subsequent to the issuance of a benefit certificate shall bind the member and his beneficiaries and shall govern and control the agreement in all respects in the same manner as if such changes, additions or amendments had been made prior to and were in force at the time of the application for membership. The foregoing provision of this section shall in effect be incorporated in every benefit certificate hereafter issued." (See now G. L. [Ter. Ed.] c. 176, § 20.)

The enactment was a lawful exercise of the regulatory power possessed by the Legislature over the business of insurance for the protection of the public, and it may also be supported on the ground that the General Court had ample authority over this domestic corporation to permit it, in the performance of its chartered powers, to make such amendments to the rules governing the management and maintenance of its business as might be necessary and expedient in order to conduct its affairs upon a sound financial basis and enable it properly and fully to discharge its obligations to its members. *New York Life Ins. Co.* v. *Hardison*, 199 Mass. 190. *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 173.

The plaintiff's certificate, having been issued subsequently to this enactment, must be read and interpreted in the light of the statute. Contractual rights of certificate holders were no longer immune from reasonable changes due to alterations of the by-laws. It is clear that the declaration was based upon a provision of the certificate which was not in force and effect at the time of the plaintiff's accident but had been superseded by a new and different provision. *Mulcahy* v. *Travelers Ins. Co.* 261 Mass. 245, 248. *Caccavo* v. *Kearney*, 286 Mass. 480. *Rosenthal* v. *Monarch Life Ins. Co.* 290 Mass. 254. The plaintiff could not recover under the certificate as amended by proving that he was a passenger or that he was upon a passenger car at the time of his accident, *Farber* v. *Mutual Life Ins. Co.* 250 Mass.

250, but it was incumbent upon him to prove that the accident occurred while he was inside a passenger car. *Aetna Life Ins. Co.* v. *Vandecar*, 86 Fed. 282. *National Life Ins. Co.* v. *Fleming*, 127 Md. 179. *Anable* v. *Fidelity & Casualty Co.* 44 Vroom, 320. *Van Bokkelen* v. *Travelers' Ins. Co.* 167 N. Y. 590. *New Amsterdam Casualty Co.* v. *Rust*, 164 Tenn. 22. The ruling directing a verdict for the defendant must be assumed to have been made in view of the pleadings. *R. J. Todd Co.* v. *Bradstreet Co.* 253 Mass. 138. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529.

On July 1, 1929, the plaintiff sustained serious injuries from an accident, while riding in an automobile, which resulted for a time in complete paralysis of his limbs and an intense nervous shock. He filed with the defendant on August 10, 1929, a claim of total disability and in his last written report on November 19, 1929, to the defendant, relative to this automobile accident, he then stated that he was still totally disabled. The defendant made the prescribed payments on account of this accident.

On January 15, 1930, the defendant received the first written notice concerning the accident of January 6, 1930, and sent a proof of claim which was filled out and returned to the defendant on January 21, 1930. Thereafter, as shown by letters sent by the defendant to the plaintiff, frequent requests were made for an examination by the defendant's physician and for copies of the records of the various hospitals where the plaintiff had been treated or that authority be given the defendant to obtain a copy of these records or that it be permitted to see them. Although the jury could find from the contradictory statements of the plaintiff that he was at some time examined by the defendant's physician, it is plain upon the record that, while the plaintiff after considerable delay furnished some of the hospital records, he neglected to furnish the others or to authorize the defendant to obtain them. The injury was not within the provisions of the certificate unless it was caused wholly and entirely by external, violent and accidental means, and no indemnity was payable "for any disability or injury of which there . . . [was] no external and visible

mark on the body of the member." The proof submitted by the plaintiff on January 21, 1930, answered in the negative the question whether there were any marks upon his body, and the hospital records that were secured by the defendant either definitely stated that there were no such marks or made no mention of their presence or absence. The board of directors on March 12, 1932, disallowed the plaintiff's claim as the "proofs were not satisfactory that your disability was due entirely to accident."

The evidence at the trial showed that the plaintiff was highly emotional, easily excitable, and was in a state of marked agitation indicative of a mental or nervous disorder; but the testimony was in conflict as to whether or not his condition was due either partially or entirely to the accident of July 1, 1929, or that of January 6, 1930. There was also testimony that the plaintiff on August 19, 1929, had again resumed his occupation as a travelling salesman, which he continued up to January 6, 1930; and that since then he has been unable to engage in his former occupation.

The question we have now to decide is not whether the evidence adduced at the trial was sufficient to show that the injury which the plaintiff suffered on January 6, 1930, came within the terms of the defendant's certificate, but whether the proof submitted by the plaintiff to the board of directors ought to have satisfied them that the plaintiff's injury was one for which he was entitled to be reimbursed in accordance with the terms of his certificate. The final determination of the plaintiff's rights did not rest solely upon the decision of the board. The directors were required to act fairly and impartially in passing upon the plaintiff's claim and if, acting as reasonable men, in the proper and faithful discharge of their duties, they were honestly and reasonably unable to come to any conclusion other than that they were not satisfied that the plaintiff had presented a claim within the certificate, then they were justified in rejecting his claim. Their conduct is to be determined in the light of the knowledge they then had and not by subsequent events of which, when their

decision was made, more than two years after the accident, they had not been furnished with any information by the plaintiff. *Noyes* v. *Commercial Travellers' Eastern Accident Association,* 190 Mass. 171, 181. *Traiser* v. *Commercial Travellers' Eastern Accident Association,* 202 Mass. 292, 297.

The furnishing of proof that ordinarily could be said to be reasonably satisfactory was a condition precedent which the plaintiff assumed and performance of which was required before recovery could be had. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 545. *Ray* v. *Fidelity & Deposit Co. of Maryland,* 275 Mass. 184. *Chauncey* v. *Royal Ins. Co. Ltd.* 275 Mass. 243, 245. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 475. There was no evidence whatever before the board that the accident caused any external or visible mark upon the plaintiff. The inability of the board to secure the additional evidence that was available to the plaintiff, and to which they were entitled, left them upon all the evidence with information insufficient, as matter of law, to constitute such proof as ought to have satisfied the directors. *Page* v. *Commercial Travellers' Eastern Accident Association,* 225 Mass. 335. The case differs from cases where a jury might find that the proofs submitted to the directors were sufficient, notwithstanding the contrary opinion of the directors, because in all of them a claim within the terms of the contract of insurance was presented by the proofs, although some of the facts submitted may have been inconsistent with the claim; such cases also are distinguishable from the case at bar, where evidence of an external or visible mark, an attribute of the injury, which was necessary to bring it within the description of the contract, was expressly shown by the proofs never to have existed. The proofs did not show a claim within the contract. *Shulkin* v. *Travelers Indemnity Co.* 267 Mass. 160. *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135, 152. *Thompson* v. *United Casualty Co.* 296 Mass. 502. *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477.

*Exceptions overruled.*