BENJAMIN PETERS & others *vs.* COMPANIONS OF THE FOR-EST OF AMERICA, PRIDE OF NEW ENGLAND CIRCLE No. 552.

Suffolk.    November 10, 1938. — April 14, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Fraternal Beneficiary Society. Insurance,* Fraternal beneficiary, Construction of policy.

A contract of a member with a fraternal beneficiary society relating to a death benefit was construed as a contract of insurance and doubts as to the meaning of language therein determining whether the member at the time of his death was in good financial standing were resolved against the society.

CONTRACT.    Writ in the Municipal Court of the City of Boston dated December 2, 1937.

A report by *Riley,* J., who found for the defendant, was ordered dismissed by the Appellate Division. The plaintiffs appealed.

*S. Miller,* for the plaintiffs.
*C. C. McCarthy,* for the defendant.

DOLAN, J.    This is an action of contract wherein the plaintiffs, as the heirs at law of Jennie Peters, deceased, seek to recover the sum of $150 representing a death benefit, alleged to be payable to them under the defendant's by-laws. The case was heard upon an "oral agreed statement of facts." The judge found for the defendant, and the case now comes before us on the plaintiffs' appeal from an order of the Appellate Division dismissing the report.

The deceased became a member of the defendant organization on December 16, 1923, and continued to be a bene-

ficial member in good financial standing up to and including March 31, 1937. Under the defendant's by-laws dues of members are payable on or before the last day of March, June, September and December of each year. A member whose dues remain unpaid at midnight on "the last day of the third calendar month" becomes "unfinancial." At midnight on March 31, 1937, the quarterly dues of the deceased then payable, were unpaid. On April 14, 1937, her dues were paid up to April 1, but no payment was made of the dues of the month of April. On August 16, 1937, her dues for the quarter ending June 30 were paid, but no payment was made of dues for the month of July or for the month of August. On September 11, 1937, the dues of the deceased were paid for the quarter ending September 30, 1937. At the date of this payment she was sick and was taken to a hospital where she died on September 17, 1937.

The defendant circle is subordinate to a supreme circle, by whose constitution and general laws it is bound. The plaintiffs base their claim on art. XI, § 7, of the by-laws of the defendant which reads as follows: "Upon the death of a beneficial member clear upon the books, and otherwise entitled, in accordance with the General Laws, and member for one year, the legal heirs, as specified in the Beneficiary Book, shall receive the sum of . . . $150." Under the constitution and general laws provision is made for sick benefits and funeral benefits but not for death benefits. As to beneficial members, chapter two, law II, § 1, provides for payment of dues as set forth in the agreed facts; and § 2 provides that any member owing three months' dues or an amount equal to three months' dues is "unfinancial." Under law III, § 4 it is provided that "Any member taken sick or disabled when in arrears to the Circle, cannot by the payment of such arrears become entitled to sick benefit resulting from that sickness or disability or more than $5.00 funeral benefit"; and § 5 provides that "Any member owing three months' dues or an amount equal to three months' dues, shall not be entitled to receive sick benefits until four weeks after the FULL indebtedness is paid, (WHICH

INCLUDES CURRENT MONTH IN WHICH PAYMENT IS MADE) and only then, if the member was not sick while in arrears. Benefits shall not be paid to any member who was in arrears in the Circle *at any time* during the duration of the disease for which the member is seeking benefits." Since there is no reference in the general laws and constitution of the supreme circle to death benefits, but reference only to sick and funeral benefits, we think that the payment provided for in case of death in the by-laws of the defendant may properly be construed to be the "funeral benefits" referred to in the general laws.

The judge found that, "in so far as it may be a question of fact . . . [the deceased] became an unfinancial member of the defendant organization at midnight on March 31, 1937 and . . . remained an unfinancial member up to the time of her death on September 17, 1937."

While the deceased was "unfinancial" when her dues were unpaid for the quarter ending June 30, 1937, and remained so until August 16, 1937, when her dues to June 30 were paid, we think that upon that payment being made on August 16, 1937, she ceased to be "unfinancial" since she then owed dues for but two months and seventeen days, because an "unfinancial" member is one "owing three months' dues or an amount equal to three months' dues" (General Laws, chapter two, law II, § 2), and "no member is unfinancial until the last day of the third calendar month, for which he or she is indebted to an amount equal to three months' dues" (§ 3). The payment of her dues on September 11, 1937, for the months of July, August and September, was, so far as her standing as a "financial" or "unfinancial" member is concerned, of no consequence. Since under the general laws above referred to she would have remained "financial" until September 30, 1937, even if her dues for that quarter had not been already paid, we think that the deceased was not "unfinancial" when her dues were paid on September 11, 1937, nor at the time of her death on September 17, 1937.

The determinative question would seem to be whether by virtue of the facts that the deceased's dues for the cur-

rent month were not paid, on August 16, 1937, when her dues for the quarter ending June 30, 1937, were paid, and that the payment of her dues on September 11, 1937, was made while she was sick, the plaintiffs are deprived of the right to recover the funeral benefit of $150 because of the provisions of the general laws of the supreme circle contained in law III, §§ 4, 5.

We think it is clear that since the dues of the deceased were not paid for the current month of August, when her dues for the quarter ending June 30, 1937, were paid, and as at the time of her payment of her dues in September she was sick, she would not have been entitled to any sick benefits under § 5. The judge ruled "That as a matter of law the General Laws . . . Law III Section 5 . . . applies only to sick benefits." We think that this ruling was right. The waiting period of four weeks, imposed by that section, after payment of dues, by one in arrears, before she would be entitled to sick benefits, and then only if she was not sick or disabled when the arrears were paid, plus the dues for the current month in which they were paid, has no possible application to funeral or death benefits.

The only question remaining is whether under law III, § 4, the deceased was "in arrears to the Circle" when, she being "sick or disabled," her dues were paid on September 11, 1937, for the quarter ending on September 30, 1937. We have already said that she was not "unfinancial" at the date of that payment since she did not then owe dues for three months or their equivalent and her dues for that quarter were not payable until September 30, 1937, and we think that the phrase "in arrears" in section 4 means "unfinancial" as previously defined. It follows that since the deceased was not "unfinancial" at the time of the payment of her dues on September 11, 1937, nor at the time of her death, the plaintiffs must prevail. The question is not free from difficulty, but the contract between the deceased and the defendant is to be considered for the purposes of this case as one of insurance. *Commonwealth* v. *Wetherbee*, 105 Mass. 149, 160. Accordingly every doubt as to the meaning of the language employed is to be resolved against

the insurer. *Cormier* v. *Hudson,* 284 Mass. 231, 234. *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 511. *Bouvier* v. *Craftsman Ins. Co.* 300 Mass. 5, 7. *Lustenberger* v. *Boston Casualty Co.* 300 Mass. 130, 134.

The order of the Appellate Division dismissing the report is reversed and, instead, judgment is to be entered for the plaintiffs in the sum of $150 with interest and costs.

*So ordered.*