Gillen, J.
This is an action of contract in which the plaintiff as administratrix of the estate of Casper Silver-man, the insured, seeks to recover a disability payment claimed to be due under a policy of insurance. At the trial there was evidence tending to show that the defendant issued in 1920 its policy on the life of Casper Silverman in the face amount of $5,000.00. Said policy was a life insurance policy but contained in addition the following provisions:
“Section 1 — TOTAL AND PERMANENT DISABILITY BENEFITS.
“Whenever the Company receives due proof, before default in the payment of premium, that the Insured, before the anniversary of the Policy on which the Insured’s age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously *398 prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days — the permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability — then
"1. WAIVER OF PREMIUM. — Commencing with the anniversary of the Policy next succeeding the receipt of such proof, the Company will on each anniversary waive payment of the premium for the ensuing insurance year, and, in any settlement of the Policy, the Company will not deduct the premiums so waived. The loan and surrender values provided for under Sections 3 and 4 shall be calculated on the basis employed in said sections, the same as if the waived premiums had been paid as they become due.
“2. LIFE INCOME TO INSURED. — One year after the anniversary of the Policy next succeeding the receipt of such proof, the Company will pay the Insured a sum equal to one-tenth of the face of the Policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured. Such income payments shall not reduce the sum payable in any settlement of the Policy. The Policy must be returned to the Company for indorsement thereon of each income payment. If there be any indebtedness on the Policy, the interest thereon may be deducted from each income payment.
“3. RECOVERY FROM DISABILITY. — The Company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability, and upon a failure to furnish such proof, or if it appears that the Insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made.”
In 1931 Casper Silverman was totally and presumably permanently disabled. The anniversary of the policy was May 26,1931 and each year thereafter through May 26,1941 *399 inclusive the defendant paid the insured $500.00. Silver-man died on January 1, 1942 and while the defendant has paid under the life provisions of the policy, it has not paid for the period of disability — May 27, 1941 to January 1, 1942. It is for this period that the plaintiff seeks to recover in the instant case. The question presented is whether the defendant must make a proportionate payment where the insured dies in the middle of a policy year between anniversaries.
The defendant filed the following requests for rulings. The action of the trial judge is set forth here.
1. The defendant is not liable for the full disability payment that would have become due had the insured remained alive and disabled until the next anniversary of the policy. — * Granted.
2. The defendant is not liable for any part of that disability payment which would have become due if the insured had remained alive and disabled until the next anniversary of the policy. — Denied; see memorandum. I rule that this payment is apportionahle.
3. The Court under the terms of the policy must find for the defendant. — Denied.
Memorandum. I rule that G. L., Chap. 197, Sec. 27 is applicable to this situation and that the contract of insurance makes no provision for any other method of disposing of the matter than is provided by the statute.
The trial judge found for the plaintiff in the amount of $271.00 with interest. The defendant claims to be aggrieved by the refusal of the trial judge to grant requests No. 2 and 3 and by the ruling contained in the memorandum.
In Brownstein v. New York Life Insurance Company, 148 Atlantic 273, the Maryland Court in construing a policy almost the same as the one in the instant case said in part: *400 “Paragraph 2 of the Policy contains these words in type larger and heavier than that contained in the body of the paragraph ‘Life Income to Insured’. These words state and constitute the subject matter of the whole provision, and that says it is a ‘life income to the Insured’. An income for life and not an income for eleven months less than life, and if the policy is to be construed according to its language, these words cannot be ignored.—
“The prime object of the disability provision of the policy was to secure a ‘life income to the Insured’ if he should ‘become wholly disabled by bodily injury or disease’, etc. The language of the contract so quoted, and particularly the conspicuously printed words ‘life income to Insured’ were bound to attract the attention of the Insured and are accepted by this Court as evidence of the meaning and purpose of the contract.
‘ ‘ The Insured certainly had every reason to believe that if he should be so overcome by bodily injury or disease as to make him unfit to engage in any occupation, he would be relieved of the distress involved in such a condition, and that during his lifetime, he would have what the Appellee promised, namely, a ‘life income to insured’. The policy contemplated an insurance for a permanent and continuous disability during the life of the insured, and therefore, for the purpose of practical convenience, it was necessary to fix in the policy a time when such payments would be made; and this was done by making the" pay day on the anniversary date of the policy.
“When it is considered that this feature of the policy is in lieu of the assured’s lost earnings from day to day, and because of his disability, is to provide maintenance, there seems to be no reasonable ground for denying the personal representative of the insured the right to recover the bene *401 fits which had accrued to the day of the death of the insured.”
There are no Massachusetts decisions on this point. We follow the decision of the Maryland Court in the above cited case in part.
We hold that the contract does make the defendant liable for that period from May 27, 1941 to January 1, 1942 because the policy “contemplated an insurance for a permanent and continuous disability during the life of the insured” and not for seven months less than life.
The trial judge on request No. 2 ruled that the payment in question was apportionable. This was a correct ruling of law and the reason for it is the one set out in the Maryland case which we adopt. -But the trial judge then went on to volunteer that the reason he ruled as he did was by virtue of G. L. (Ter. Ed.) chap. 197, sec. 27 which he maintained was applicable in the instant case.
We do not agree with the trial judge on this point. A review of the legislative history of G. L. chap. 197, sec. 27 from its inception in the Acts of 1848, chap. 310 to the present, including its treatment in the several codifications of the laws in the interim leads us to the conclusion that this chapter deals with testamentary dispositions and was never intended to affect the interpretation of liabilities under business contracts entered into between contracting parties of the nature of the one in the instant case. But if a right ruling is given the fact that the trial judge gave the wrong reason for it is unimportant.
Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, 71. In bold type in the contract is set out the words — “Life Income to Insured”. The insured had every reason to feel that he was purchasing “life income insurance” and not something short of life. Being an action on a policy of in *402 surance every doubt as to the meaning of the language employed is to be resolved against the insurer.
Peters v. Companions of the Forest of America, 303 Mass. 70 and this rule is particularly applicable where the contract of insurance has numerous and complicated conditions. Lewis v. Brotherhood Accident Company, 194 Mass. 1.
The order is, Report dismissed.

Rulings and findings are printed in italics following each of the requests.