Gadsby, J.
This is an action of contract whereby the plaintiff seeks to recover for alleged disability benefits due him from the defendant corporation. The trial court found the following facts:
*129 “I find that the plaintiff was at the time of the commencement of this action and had been for about thirteen years a permanent member of the regular police force of the Town of Arlington, and I find that as such he was a member of the defendant corporation.
“I find that sometime in the month of September 1940, the plaintiff was disabled from the performance of his duties as a police officer by reason of an accident sustained in the performance of his duty as a police officer.
“I find that on August 28,1942, the plaintiff procured a leave of absence from the police force of the Town of Arlington and enlisted in the United States Coast Guard, where he served as a Chief Petty Officer until July 17, 1943, and I further find that on or about September 10, 1942 the plaintiff sustained an injury while a member of the United States Coast Guard which disabled him from the performance of his duties as a member of the Coast Guard, and as a result on July 17,1943 he received an honorable discharge from the Coast Guard under the following conditions,—
‘Physical disability, existing prior to enlistment, ordinary discharge under honorable conditions. ’
“I find that the plaintiff immediately thereafter applied for re-instatement as a member of the regular police force of the Town of Arlington and that after an examination by Dr. Edward W. Feeley, on behalf of the Town of Arlington, the plaintiff was re-instated as a member of the regular police force of the Town of Arlington.
“I find that the plaintiff did not disclose to Doctor Feeley upon his examination the accident which occurred to him while a member of the Coast Guard, for the reason as given by the plaintiff that had he done so he might not have been re-instated.
“I find that several times between July 27, 1943 and October 24, 1943 the plaintiff was disabled from performing his full duty as a member of the Arlington police force by reason of the injury to his bach which he originally sustained in September 1940 and which was aggravated by reason of the injury he received on or about September 10,1942 and that during such time as he was disabled he received disability benefits from the defendant corporation.
*130 “I find that during a period from August 1943 to December 1944 that the plaintiff in addition to carrying on Ms duties as a regular member of the Arlington police force worked at various periods outside the time he was engaged as a police officer for private concerns, to wit: as a truck driver, as a guard and as a machine operator, but that he performed no such work during-any of the time in which he claimed to have been disabled and during which he received or sought disability benefits from the defendant corporation.
“I find that fr.om October 25, 1944 to December 7, 1944, the plaintiff was prevented from performing his full duties as a regular member of the Arlington police force, by reason of the disability above mentioned and that for three days of this period he received disability benefits from the defendant. For twenty-two days he was paid directly by the Town of Arlington under a regulation of the Town, which provided that the Town pay police officers for sick leave for not more than 30 days in any 12 months.
“I find that during the period of his disability he was treated at various times by Dr. Edward W. Feeley, a qualified physician in the Town of Arlington, who diagnosed his condition as a sacroiliac strain, Avith spasmodic incapacity, temporary in nature, and that during such period his condition Avas such as to incapacitate him from performing his full duties as a regular member of the Arlington police force.
“I find that there were nineteen days during the months of Noxmniber and December of 1944 during-which the plaintiff was disabled from performing his full duties as a police officer in the Toavii of Arlington for Avhich he received no compensation from any source.
“I find that on October 28, 1944 the plaintiff made application to the Selectmen of the Toavii of Arlington for a pension on account of his inability to perform the full duties of a regular police officer in the Town of Arlington and that in consequence of such application the plaintiff Avas examined by Dr. B. A. Grodvin, a duly qualified physician of Boston, Avho reported to the Town as Follows i
*131 ‘Opinion: It is my opinion that patient has a low grade form of arthritis involving his dorsal spine as revealed by X-ray.
‘I feel that the treatment of baking and massage has been good treatment. I also feel that a low back brace would give him considerable support. I see no reason why he cannot carry on with some of his police duties. ’ “I find that on December 7, 1944 the Chief of Police of the Town of A rlington ordered the plaintiff to report for duty at 12:45 A. M. on December 8, 1944 and that the plaintiff did report for duty and since that time he has been performing some of his duties as a police officer in the Town of Arlington, to wit:
“He has been stationed at the desk inside of the police station house in Arlington, but he has not been performing his full duties as a police officer in the Town of Arlington.
“I find that at no time prior to December 8,1944 the plaintiff ever requested he be given light work as a police officer or be relieved from performing his full duties as a police officer in the Town of Arlington.
“I find that on November 20, 1944 the plaintiff made application to the defendant corporation for disability benefits under the provisions of the by-laws of the defendant corporation.
“I find that the by-laws of the defendant corporation provided as follows:
‘ARTICLE II
Membership
‘The Association shall be composed of those persons only who are attached, either permanently or for the statutory probationary period, to the regular police force of the Town of Arlington, and of those who have been retired under the pension law.
‘ Section 2. Each member shall be entitled to receive from the Association a certificate setting forth the benefits which he and his Beneficiaries are entitled to by reason of membership, the limitation of such benefits and the terms and conditions attached to the same.
*132 ‘ARTICLE III
Purposes
‘ The purpose of the Association shall be .to pay to its members benefits for disability caused by disease or accident, and death benefits to the beneficiaries of the deceased members.
‘ARTICLE VII
Powers and Duties of Officers
‘ Section 2. Executive Board. The Executive Board shall have general supervision of the affairs of the Association.
‘They shall pass upon all application for Disability and Death Benefits, and shall direct the Treasurer when, to whom and in what amount the same shall be paid.
‘ARTICLE XI
Payment of Disability Benefits
‘ To any member of the Association, except pensioned members of the Police Department, who shall be disabled from the performance of duty by reason of any disability caused by disease or accident resulting in loss of pay, there shall be due and payable from the Disability Fund a Disability Benefit of ($5.00.) Five Dollars for not exceeding seventy days in any twelve consecutive months, since amended to $6.00 per day.
‘ Section 3. No pay shall be allowed under sections ! and 2 of this article if the sickness or injury is feigned, simulated, exaggerated, or arises from carelessness, improper or vicious conduct, excessive in-, dulgence of appetite, or other bad habits; or from improper, illegal, or immoral practices . . .
‘The Executive Board at each regular monthly meeting thereof, shall determine what disability benefits have become due and payable for the last preceding’ calendar month; and within three days thereafter the Treasurer, under direction of the Board, shall pay
*133 the same, provided, that no disability benefit shall be paid so long as any assessment called from the member to whom such benefit has accrued shall remain unpaid. ’
“I find that the Executive Committee of the defendant corporation had a hearing on the application of the plaintiff for disability benefits on December 13, 1944, at which the plaintiff was present and gave evidence regarding his disability for which he claimed benefits.
“I find that at this hearing the plaintiff told the Executive Committee that he would have returned to work earlier than he had except for the fact that it would have affected the application for a pension which he had filed with the Board of Selectmen.
“I find that on December 29, 1944, the Executive Committee of the defendant corporation considered the application of the plaintiff, his testimony before the Executive Committee and the report of Doctor G-odvin, and that thereafter in good faith and without malice voted to deny the application of the plaintiff for disability benefits on the ground that the plaintiff’s injury was feigned, simulated and exaggerated.
“The pleadings may be referred to and the within findings of fact incorporate and are based upon all of the evidence material to the questions reported.
“The defendant duly filed a demurrer, which may be referred to. The Court, after hearing, overruled the demurrer. ’ ’
The plaintiff and the defendant duly filed requests for rulings, copies of which are annexed hereto;
“1. As a matter of law there is sufficient evidence to warrant a finding for the plaintiff. 2. As a matter of law the legal relationship between the plaintiff and defendant is one of contract. Goldman vs. Commercial Travelers, 302 Mass. 74. 3. As a matter of law the defendant is an insurer. Peters et al. vs. Companions of the Forest, 303 Mass. 70. 4. As a matter of law the plaintiff’s remedy is an action for damage for breach of contract. Cargelon vs. Commercial Trav., 184 Mass. 8. 5. As a matter of law the plaintiff is a member of a beneficiary association and has a contractual right *134 which does not depend entirely on association’s by-laws. Goldman vs. Commercial Trav., 302 Mass. 74. 6. As a matter of law any ambiguity appearing in the constitution and by-laws must be resolved in favor of the plaintiff. Peters, et al. vs. Companions of the Forest, 303 Mass. 70. 7. As a matter of law an inconsistency in the constitution or by-laws must be resolved in favor of the plaintiff. Peters, et al. vs. Companions of the Forest, 303 Mass. 70. 8. As a matter of law the purpose of Article III as contained in the by-laws of the defendant corporation cannot be modified by a mere directory clause in the constitution or by-laws. 9. As a matter of law the decision of the executive board is not final nor binding upon the plaintiff. Goldman vs. Commercial Trav., 302 Mass. 74. 10. As a matter of law the constitution and by-laws of the defendant corporation must be strictly interpreted in the light of the natural meaning of the language used. 11. As a matter of law nothing may be added or detracted from the clear and unequivocal terms of the constitution and by-laws. 12. As a matter of law the ‘good faith’ of the executive board is not a part of the constitution and by-laws of the corporation. 13. As a matter of law a denial of a claim of disability predicated on beliefs or opinion and without actual knowledge of the plaintiff’s physical condition cannot be sustained. 14. As a matter of law the word ‘shall’ as used is mandatory, calling* for an imperative and unescapable obligation. (In re Opinion of Justices of Supreme Court, 300 Mass. 591.) 15. As a matter of law the word ‘shall’ as used in Article XI, Section 2 of the constitution and by-laws of the defendant corporation is mandatory. 16. As a matter of law interpretation of doubtful and ambiguous by-laws must be made in the light of past conduct of those charged with administration of the same to which great weight must be given before they are disturbed. Modern Finance Co. vs. Holz, 29 N. E. (2nd) 922. 17. As a matter of law uncontradicted evidence upon a vital issue should not be disregarded without grave consideration. ’ ’
Eelative to the plaintiff’s requests for rulings, the court acted as follows:
*135 As to No. 1, I rule that the evidence warrants but does not require a finding for the plaintiff.
I gives Nos. 2, 3, 4, 6, 7,10, 11,14,15,16 and 17.
I deny Nos. 5, 8, 9 and 13.
I deny No. 12 because while ‘1 good faith” of the Executive Board is not a part of the statute and by-laws of the defendant corporation, I rule that the “good faith” of the Executive Board in denying the plaintiff’s application for benefits may be taken into consideration in passing upon the plaintiff’s claim in this action.
The Court found for the defendant.
“The Court being in doubt, as a matter of law, as to whether or not a-finding should be entered for the defendant, I hereby report the same to the Appellate Division for final determination.
“If as a matter of law, the Appellate Division should find that the plaintiff is entitled to recover, then I find that the plaintiff has sustained damages in the sum of One Hundred Fourteen (114) Dollars.”
The fundamental issue in this case is as to whether the relationship between the parties is one whereby the defendant is an insurer or whether the relationship is one whereby the plaintiff is a member of a voluntary association and bound by the various restrictions as laid down in Richards vs. Morrison et al., 229 Mass. 458 at 460; Dittemore vs. Dickey, 249 Mass. 95; Snay vs. Lovely, 276 Mass. 159.
In Commonwealth vs. Wetherbee, 105 Mass. 149, the court says at page 160, “A contract of insurance is an agreement, by which one party, for a consideration, (which is usually paid in money, ** **) promises to make a certain payment of money upon the destruction or injury of something in which the other party has an interest. In fire insurance and in marine insurance the thing insured is property; in life or accident insurance, it is the life or *136 health of a person.” See also Peters vs. Companions of the Forest of America, 303 Mass. 70, where- the contract was construed as one of insurance.
An -analysis of the provisions of the agreement between the parties leads to conclusion that the agreement was a ■contract of insurance. Contracts with social organizations and other corporations not insurers differ fundamentally from the insurance case. In the former type of case as illustrated by Richards vs. Morrison, 229 Mass. 459 at 460 and 461, the court said, “The decision of the organization and its officers acting in good faith in accordance with the rules on that subject is the final tribunal. There is no ■general appeal to the court.” See also Dittemore vs. Dickey, 249 Mass. 95 at 108 and 109.
However, on the other hand, if we hav-e a -contract of insurance, then as was said in Goldman vs. Commercial Trav., Assoc., 302 Mass. 74 at 79, “The final determination of the plaintiff’s rights did not rest solely upon the decision of the board. The directors wrere required to act fairly and impartially in passing upon the plaintiff’s- claim, and, if acting as reasonable men in the proper and faithful discharge of -their duties, they were honestly and reasonably unable to come to any conclusion other than that they were not satisfied that the plaintiff had presented a claim within the certificate, then they were justified in rejecting his claim.” See also Noyes vs. Eastern Accident Assoc., 190 Mass. 171; Traiser vs. Commercial Trav., Assoc., 202 Mass. 292; Page vs. Commercial Trav., Assoc., 225 Mass. 335 at 337.
The trial judge has found that the directors have acted without malice and impartially. That of itself does not mean that they could not have acted unreasonably. The burden on the board of acting reasonably -and impartially is subject to review by the court.
*137 The plaintiff has filed various requests for rulings of laiw. Of these the trial judge has denied, requests Nos. 5, 8, 9 and 13. These requests in substance directed the court’s attention to the law as laid down in the Goldman case above tiled. Under the law in this case, the hoard of directors had not the arbitrary right of disposition which is a feature of the pure association contract. The trial judge did not find that the directors were honestly and reasonably unable to come to any conclusion other than they were not satisfied that the plaintiff had presented a claim within the certificate.
The court has found that the directors acted without malice and impartially. Whether or not that covers the ‘situation is debatable. It would seem that the plaintiff is entitled to have his case tried in accordance with the law in the Goldman case. Therefore it would not appear that the findings of the judge satisfy Bresnick vs. Heath, 292 Mass. 293 at 297, 298, nor Himmelfarb vs. Novadel Agene Corporation, 305 Mass. 445. In short the trial judge’s findings of specific facts do not cure the situation.
Therefore the finding for the defendant is vacated, and the case remanded for a new trial.