NELLIE HAYES *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.     October 20, 1920. — November 24, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Insurance,* Life. *Agency,* Scope of authority. *Evidence,* Extrinsic affecting writings.

Where a policy of life insurance provides that premiums shall be paid weekly and that a "grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force," an authorization by the insurance company of its agents to collect overdue premiums together with one week's advance premium, provided the premiums are not more than thirteen weeks in arrears and the insured is alive but "irrespective of the fact that the grace period has expired or of the health or presence at the time of collection of the former insured," upon which payment the former insured shall "be regarded as having been wholly restored to benefit," does not require an agent to accept such payment of overdue premiums.

If an agent, in the circumstances above described, refuses to accept a tender, made more than four weeks but less than thirteen weeks after a failure to pay a premium subsequent to the first, of an amount equalling all arrearages of premiums and one week's premium in advance, the policy, which had lapsed, is not reinstated.

It appearing that the policy above described also provided in substance that its terms could not be changed nor its conditions varied except by a written agreement signed by the president and the secretary of the company and that agents were not authorized and had no power to make, alter or discharge contracts and waive forfeitures, evidence at the trial of an action upon the policy tending to show that a collecting agent of the company told the beneficiary that the policy did not lapse until thirteen weeks' payments were overdue was *held* not to be sufficient to modify the policy or to constitute a waiver of its provisions.

CONTRACT for $216 by the beneficiary under a policy of insurance issued by the defendant upon the life of Nora T. Hayes. Writ dated June 1, 1915.

In the Superior Court the action was tried before *Callahan,* J. Material evidence is described in the opinion. By order of the judge the jury returned a verdict for the defendant, and the judge reported the case to this court for determination.

*B. J. Killion,* for the plaintiff.

*W. P. Kelley,* for the defendant.

JENNEY, J. Nellie Hayes brings this action upon a policy of insurance issued by the Metropolitan Life Insurance Company on the life of her daughter, Nora T. Hayes. The policy was issued on November 24, 1913. The assured died on July 1, 1914.

The defence is based upon the contention that the policy lapsed during the life of the assured, because of non-payment of the premiums, payable weekly with a "grace period of four weeks." It was admitted that the premiums had been paid to April 13, 1914. The plaintiff did not claim that the premiums were paid as required by the policy, but "relied on a tender alleged to have been made by . . . [her] to one Julian, employed as an agent by the defendant." A verdict having been ordered for the defendant, the case is here upon the report of a judge of the Superior Court.

For the purposes of the case, we assume that the jury could have found that on June 30, 1914, the beneficiary made a sufficient tender of the amount required to pay the premiums then due and for one week in addition, which tender was not accepted.

The policy in the "Conditions" and "Privileges and Con-

cessions to Policy-holders" printed thereon provided: "This Policy contains the entire agreement between the Company and the insured and the holder and owner hereof. Its terms cannot be changed or its conditions varied, except by a written agreement, signed by the President or Secretary of the Company. Therefore, Agents (which term includes Superintendents and Assistant Superintendents) are not authorized and have no power to make, alter or discharge contracts, waive forfeitures, or receive premiums on Policies in arrears more than four weeks, or to receipt for the same in the Receipt Book, and all such arrears given to an Agent shall be at the risk of those who pay them, and shall not be credited upon the Policy, whether entered in the Receipt Book or not."

"Grace Period. A grace of four weeks shall be granted for the payment of every premium after the first, during which time the insurance shall continue in force. If death occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession nor the acceptance of any overdue premium shall create an obligation on the part of the Company to receive premiums which are in arrears over four weeks."

"Revival. Should this Policy become void in consequence of non-payment of premium, it may be revived, if not more than fifty-two premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the Company of the sound health of the insured."

In accordance with its terms, the policy had lapsed before the tender was made.

The defendant, however, had authorized its agents to collect overdue premiums together with one week's advance premium, provided that the premiums were not overdue and unpaid for more than thirteen weeks, and had prepared for their use a form of report to it by the collecting agent, stating that he had collected the amount of arrears and had entered it in the policy holder's premium receipt book. In this notice, the agent requested that "the policy be officially revived." On the back of this form there was printed, among other provisions entitled "'Discretionary Period' Instructions," the following: "Any Industrial policy which is not more than thirteen weeks in arrears

may be collected upon by any authorized person, — that is to say, the Superintendent, a Deputy, General or Assistant Superintendent, an Agent or an Office Clerk, — irrespective of the fact that the grace period has expired or of the health or presence at the time of collection of the former insured; provided: that the insured is alive and that the full arrears up to and including the following Monday be collected in one sum. Thereupon such collection may be entered in the P. R. B., and signed by the authorized person making the collection; the former insured will then be regarded as having been wholly restored to benefit."

"'Notification of Collection of Arrears,' must immediately be completed as to each policy, and forwarded to the Home Office, that the transaction may be completed by the official revival of the policy."

The defendant argues that this authority and the instructions quoted did not control the stated provisions of the policy. It is assumed, but not decided, that the policy had been so modified, and that the agent to whom the tender was made was authorized to receive the amount and to reinstate the policy. It is clear, however, that the agent was not obliged to accept the tender and reinstate the lapsed policy, although thirteen weeks' payments were not in arrears. It was the option of the defendant acting through its agent so to do, and there was no absolute right of reinstatement on the part of the policy holder.

The evidence that a collecting agent of the company told the beneficiary that the policy did not lapse until thirteen weeks' payments were overdue was not sufficient to modify the policy or to constitute a waiver of its provisions. Under its terms, the agent had no authority to make such modification or waiver. *Porter* v. *United States Life Ins. Co.* 160 Mass. 183.

The premiums were paid to an agent of the company after the death of the insured, but the plaintiff claims no right of recovery because thereof.

In accordance with the terms of the report, judgment must be entered for the defendant.

*So ordered.*