MORRIS A. ROSENTHAL *vs.* MONARCH LIFE INSURANCE COMPANY.

Suffolk.    May 14, 15, 1934. — March 27, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Reinstatement, Authority of agent. *Agency*, Scope of authority. *Payment*. *Bills and Notes*, Check as payment. *Fraud*. *Contract*, Rescission.

In a provision of a policy of accident and health insurance, inserted therein as required by G. L. (Ter. Ed.) c. 175, § 108 (*f*) 5, that "If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy," the agents' authority referred to was authority to collect regular premiums and not specific authority to accept overdue premiums; and therefore an agent of the company who had authority to collect regular premiums was authorized to accept an overdue premium from a policy holder and thereby to reinstate the policy, notwithstanding a statement in the premium notice sent to the policy holder that "If premium is paid after due date, it will be subject to acceptance by the Secretary of the Company."

A finding, that an agent of an insurance company, who had authority to accept overdue premiums on policies of accident and health insurance and thereby to reinstate the policies, accepted a check from a policy holder in payment of an overdue premium, was warranted where the check, payable to the company, was delivered to the agent, was indorsed by him and deposited in the company's bank account, and was duly collected.

It *was stated* that where a policy of accident and health insurance was reinstated by the insurance company's acceptance of an overdue premium, but the company later sent the policy holder a check for the amount of that premium with a letter to the effect that the policy had lapsed and had not been reinstated, and the policy holder cashed the check in reliance on the letter, he was not barred thereafter, upon tender of that premium and subsequent premiums due, from maintaining a suit in equity against the company to have the policy declared reinstated and in full force and effect.

BILL IN EQUITY, filed in the Superior Court on August 18, 1933, described in the opinion.

The suit was heard by *W. A. Burns,* J. Material facts are stated in the opinion. By order of *Walsh,* J., a final decree in favor of the plaintiff was entered. The defendant appealed.

*Joseph P. Sullivan,* for the defendant.

*S. I. Levine,* for the plaintiff.

RUGG, C.J. This suit is brought to secure a decree to the effect that a policy of accident and health indemnity insurance issued to the plaintiff was reinstated after a lapse and is in full force and effect. The trial judge found that every allegation of fact in the petition was sustained. The evidence, which is reported in full, sustains these findings. *Ecklund* v. *Ecklund,* 288 Mass. 517. A final decree was entered declaring that the policy was reinstated and that upon payment of a specified sum forthwith and future premiums in accordance with its terms it should be and remain in full force and effect. The appeal of the defendant brings the case here.

The pertinent facts are these: A policy of insurance was issued to the plaintiff by a company since merged with the defendant, which assumed all the obligations of insurer under the policy. The plaintiff met all conditions of the policy and paid all premiums when due until he defaulted on a quarterly payment due on June 1, 1933. On June 6,

1933, the plaintiff drew his check payable to the defendant for the amount of the overdue premium and delivered it to the district manager of the defendant, one Mathaurs, to whom the next preceding premium payment had been made. The check was indorsed by Mathaurs and deposited to the bank account of the defendant on June 8, 1933; it was duly paid and credited to the account of the defendant in the bank. The plaintiff sent with his check a premium notice which was received by him shortly before June 1, 1933, and which was returned to him with acknowledgment of receipt of premium.   That premium notice contained among other statements these words: "If premium is paid after due date, it will be subject to acceptance by the Secretary of the Company, and in accordance with Standard Provisions Three (3) of your policy."   Provision 3 of the policy contains these words: "If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy . . . ." It is required by G. L. (Ter. Ed.) c. 175, § 108 (*f*) 5, that there be "A provision that under every such policy, if a past due premium shall be accepted by the company or by a branch office or by a duly authorized agent of the company in the town or county where the insured shall reside, or by the duly authorized agent of the company who accepted the last premium on the policy, if so authorized at the time of the acceptance of the past due premium, such acceptance shall reinstate the policy . . . ."   The trial judge found specifically that Mathaurs was a duly licensed agent of the defendant at all times material to the acts done by him, that he accepted payment of the premium due June 1, 1933, and paid June 6, 1933, and that the premium due from the plaintiff on March 1, 1933, was paid by him to Mathaurs.   There was in evidence a certificate by the insurance commissioner to the effect that Mathaurs was a duly licensed agent of the defendant in accordance with G. L. (Ter. Ed.) c. 175, § 163.   It is provided by that section that every "company shall be bound by the acts of the person named in the license within the scope of his

apparent authority as its acknowledged agent." Following the acceptance by Mathaurs, the home office of the defendant, on June 19 or June 20, 1933, sent a check to the plaintiff accompanied by a letter from the secretary stating that the policy had lapsed, was not reinstated, and that therefore the premium was being returned. The plaintiff, relying on their statement, cashed the check. He has since tendered it back and has tendered payment of subsequent premiums, all of which have been refused. Standard provision 1 of the policy states that the policy, with attached papers and indorsements, if any, contains the entire contract of insurance. Standard provision 2 of the policy states that "No change in this policy shall be valid unless approved by an executive officer of the Company and such approval be endorsed hereon."

The defendant has not argued that there is any material difference between clause 3 in the standard provisions of the policy and the requirement of said § 108 (*f*) 5 of the statute. It concedes that they are substantially equivalent. It is to be presumed that the policy conforms to the statute. *New York Life Ins. Co.* v. *Hardison*, 199 Mass. 190, 194–195. In any event, the terms of the policy must be read and construed in the light of the statute. *Mulcahy* v. *Travelers Ins. Co.* 261 Mass. 245, 248. The crucial point for decision is whether the acceptance by Mathaurs of the overdue premium reinstated the policy, or whether the plaintiff was bound by the attempted withdrawal by the defendant, by its premium notice, of authority from all its agents to accept overdue premiums. The words of the statute provide four ways for the reinstatement of a policy lapsed by failure to pay the premium when due, viz.: Acceptance of a past due premium (1) by the company, (2) by a branch office, (3) by a duly authorized agent of the company in the town or county where the insured resides, and (4) by the duly authorized agent of the company who accepted the last premium on the policy if so authorized at the time of the acceptance of the past due premium. The precise inquiry is as to the meaning of the words "acceptance" "by a duly authorized agent." Does this phrase signify accept-

ance by any person who represents the company, or one authorized to take regular premiums, or one sufficiently or specifically authorized to accept overdue premiums? The fourth alternative of the statute indicates the kind of authorization intended. The reasonable construction of that alternative is that it refers to an actual representative of the company with power to collect regular premiums as they fall due for and on behalf of the company and in particular the last previous one paid by the insured. The words "so authorized" in that fourth alternative refer to the immediately preceding description of authority. That description of authority is to collect regular premiums and not specific power to collect overdue premiums. This interpretation is supported, also, by the general consideration that the purpose of a policy of insurance is to provide indemnity against losses to which the policy relates, and every rational intendment is made by the law to effectuate the main design of the parties. *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 471. *Wilcox* v. *Massachusetts Protective Association, Inc.* 266 Mass. 230, 235. *Cormier* v. *Hudson*, 284 Mass. 231. It follows that Mathaurs was an agent under the terms of the statute and policy authorized to accept the overdue premium from the plaintiff and thereby to reinstate a policy.

The terms of the premium notice sent by the defendant and not assented to by the plaintiff could not adversely affect the rights of the plaintiff in this particular. *Picard* v. *Beers*, 195 Mass. 419, 427–428. *Lalime & Partridge, Inc.* v. *Hobbs*, 255 Mass. 189, 192.

There was ample evidence to show that the check of the plaintiff was accepted by Mathaurs in payment of the overdue premium. It was received by him and deposited to the credit of the defendant in its bank. It was duly collected and the proceeds were held by the defendant for almost two weeks. *Illustrated Card & Novelty Co.* v. *Dolan*, 208 Mass. 53, 54. *Wasilauskas* v. *Brookline Savings Bank*, 259 Mass. 215, 218–219.

Rightly, it has not been argued by the defendant that its return of the premium to the plaintiff after its acceptance

by Mathaurs bars the plaintiff from relief in the present suit. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 155.

*Decree affirmed with costs.*