KRIKOR H. BOGOSIAN *vs.* NEW YORK LIFE INSURANCE COMPANY.

Suffolk.    November 9, 1943. — January 31, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Insurance,* Life: reinstatement; Waiver. *Estoppel. Agency,* Scope of authority or employment. *Waiver. Practice, Civil,* Exceptions: what questions open, whether error harmful. *Error,* Whether error harmful.

After a jury, at the trial of an action upon a policy of insurance, upon warrantable evidence had found specially that answers to questions, one of which was false, filled in upon an application for reinstatement of the policy signed by the insured in blank, had been inserted without the authority or assent of the insured, and the judge then had further charged upon what he stated were "the remaining issues in

the case" in terms not objected to by the plaintiff, but had covered only the question, whether the company had waived the irregularity of the application for reinstatement, and, after the recording with leave reserved of a verdict for the plaintiff, had ordered the entry of a verdict for the defendant, to which the plaintiff excepted, the plaintiff was not barred from arguing before this court all matters that would have been open to him if the judge at the close of the evidence had directed a verdict for the defendant.

An insistence by a trial judge, subject to exception by the plaintiff, upon the inclusion of the entire charge to the jury in the plaintiff's bill of exceptions covering only an exception to the entry of a verdict for the defendant under leave reserved was not harmful to the plaintiff, and the exception to such inclusion was overruled.

An insured who, at the trial of an action upon a policy of life insurance, contended that, when he signed a blank form of application for reinstatement of the policy, which had lapsed, he did not know that it was such an application, had no standing to contend in this court, upon his exception to the entry of a verdict for the defendant under leave reserved, that the defendant by accepting the blank form with none of the questions therein answered, had waived presentation of evidence of his insurability, to which questions in the application related.

A blank form of application for reinstatement of a life insurance policy, signed by the insured and afterwards filled in as to questions therein with answers, one of which, affecting insurability, was false, by an employee of the insurer either intentionally or through mistake or negligence on his part and without the authority or consent of the insured, was ineffectual as an application for reinstatement in accordance with a term of the policy requiring a written application therefor by the insured.

Lack of knowledge on the part of an insured under a life insurance policy that a form, which he had signed in blank and, with payment of a premium, had delivered to an employee of the insurance company after lapse of his policy, was a form for an application for reinstatement, and that the employee without his consent had filled in, in answer to questions thereon, answers respecting insurability which were false and which made the application as such invalid under the terms of the policy, would not warrant a finding that by acceptance by its employee of the form so filled out and its approval by another employee and acceptance by the company of premiums afterwards paid as upon a reinstated policy, the company had waived fulfillment of the requirements stated in the policy for reinstatement, or that it was estopped to deny that the policy had been reinstated.

Mere acceptance by a life insurance company of premiums, paid as upon a reinstated policy, did not warrant a finding that the company had waived ineffectuality of an application for reinstatement of the policy where the only knowledge of such ineffectuality on the part of any employee of the company was on the part of one who without its authority had received from the insured a form of application signed by him in blank which the employee without the authority of the insured afterwards had filled in with answers to questions relating to insurability, one of which was false.

CONTRACT. Writ in the Superior Court dated October 18, 1941.

The case was tried before *Spalding,* J.

*J. Schneider,* for the plaintiff.

*B. Aldrich, (F. H. Nash* with him,) for the defendant.

RONAN, J. This is an action of contract to recover total and permanent disability benefits, under a policy of life insurance issued to the plaintiff by the defendant, for the four months beginning June 1, 1941, when, it was alleged, the disability commenced. There is no question but that the policy lapsed on February 8, 1940. The only issue presented on the merits is whether the evidence was sufficient to show that the lapse had been waived or that the defendant is estopped to deny that the policy was in effect at the time of the plaintiff's disability.

The plaintiff went to the defendant's branch office on February 21, 1940, gave one Perry, the defendant's reinstatement clerk, a check for the premium then overdue and signed an application for reinstatement. He testified that the paper that he signed was represented to be a receipt and that there was no writing upon it when he signed. Perry testified that his practice was to read the questions to an applicant who had difficulty in reading, and to put down the answers and then have the applicant sign. It is undisputed that the plaintiff was treated by a physician within two years of the date of the application and that the answer "No" to the question in the application whether he had been so treated was not true. There was also evidence indicating that the answer to another question was not truthful. The application was approved by the defendant's cashier. Thereafter, the plaintiff paid quarterly payments of premiums as they became due up to the time of his disability. After he notified the defendant of his disability, the defendant under the date of July 17, 1941, wrote him "that it elects to and does hereby rescind the reinstatement" on account of the failure of the plaintiff to disclose in the application for reinstatement that he had been treated by physicians within two years of the application. The policy provided that it could be reinstated "upon

written application by the Insured and upon presentation at the Home Office of evidence of insurability satisfactory to the Company." The application for insurance attached to the policy provided that only the president, a vice-president, a second vice-president, a secretary or the treasurer of the company could make, modify or discharge contracts, or waive any of the company's rights or requirements. The policy also provided that "No agent is authorized to waive forfeitures, or to make, modify or discharge contracts, or to extend the time for paying a premium."

The judge denied the defendant's motion for a directed verdict. He first submitted to the jury the question whether the answers to the questions on the reinstatement application were filled in with the authority and approval of the plaintiff. The jury answered "No." He then instructed the jury at length on the issue whether a reinstatement had been effected by means of waiver. The jury returned a verdict for the plaintiff. The judge on leave reserved ordered the entry of a verdict for the defendant, subject to the exception of the plaintiff.

A question has been raised as to the scope of the exceptions. The defendant contends that nothing is open other than the matters that were submitted to the jury. It relies upon cases where the excepting party is precluded, in arguing upon a motion for a directed verdict, from attacking the correctness of rulings of law and instructions to the jury to which he did not save exceptions at the trial. *Button* v. *Crowley,* 284 Mass. 308. *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90. See *S. E. Rand Transportation Co.* v. *Boston & Maine Railroad,* 273 Mass. 327. The judge, in charging the jury after they had brought in an answer to the question that had been submitted to them, told the jury that he intended to charge them on "the remaining issues in the case" although the instructions covered only the subject of waiver. He made no explicit ruling that the plaintiff could not recover on any other ground. The plaintiff did not disclaim any ground upon which he thought liability of the defendant might be proved. He was apparently satisfied with the charge as far as it went for he made no objections to it.

There was nothing in his conduct barring him, upon his exception to the ordering of the entry of a verdict for the defendant upon leave reserved, from arguing all matters that would be open to him if a verdict for the defendant had been directed at the close of the evidence. *Curtis* v. *Comerford*, 283 Mass. 589, 591. *Holton* v. *Shepard*, 291 Mass. 513, 515. *Thurlow* v. *Welch*, 305 Mass. 220. *Morton* v. *Dobson*, 307 Mass. 394, 396. *Brightman* v. *Blanchette*, 307 Mass. 584, 589. *Glynn* v. *Blomerth*, 312 Mass. 299, 302. *Pilgrim* v. *MacGibbon*, 313 Mass. 290, 291, 292.

The plaintiff was not harmed by the action of the judge in requiring the instructions to the jury to be made a part of the bill of exceptions, and the plaintiff's exception thereto must be overruled.

We now consider the action of the judge in ordering the entry of a verdict for the defendant on leave reserved. We start with the undisputed fact that the policy had lapsed before February 21, 1940, when the plaintiff went to the defendant's office and gave Perry a check for the premium then in arrears and signed a paper, which the plaintiff testified was represented by Perry to be a receipt but which was in fact an application for reinstatement. It is undisputed that at least one of the answers appearing upon this application was false, but it is settled by the jury's answer to the question submitted to them that these answers were not filled in with the knowledge or approval of the plaintiff. The jury could find that they were filled in by Perry after the plaintiff had signed the application. The application when completed did not truthfully furnish evidence of insurability satisfactory to the defendant, although on its face it appeared to do so. Whether the plaintiff thought he was signing a receipt when he in fact signed the application or whether he then intended to sign an application, it follows that the paper that he signed was ineffectual to secure a reinstatement in accordance with the terms of the policy. This would be true if Perry, through mistake or negligence, or intentionally, filled in the answers which were not true. *Clark* v. *Mutual Life Ins. Co.* 251 Mass. 1. *Santarpio* v. *New York Life Ins. Co.* 301 Mass. 207,

The plaintiff contends that the defendant waived evidence of the plaintiff's insurability by accepting the application with none of the questions answered. This point is not open to the plaintiff, whose principal contention is that he did not knowingly sign an application. Even if it were open, the evidence was insufficient to show that Perry, the reinstatement clerk, or Colcord, the cashier of the defendant's Boston branch office, who was not shown to have known that any answer was false and who approved the application after it had been filled in by Perry, had any authority to accept a form of an application containing only the plaintiff's signature or to act in any way with reference to a reinstatement other than that prescribed in the policy. The burden is upon a plaintiff who contends that the provisions of a policy were waived by the conduct of the agents of the company to prove that those who acted for the defendant had the power to bind it in a way contrary to that contemplated by the policy. *Porter* v. *United States Life Ins. Co.* 160 Mass. 183. *Hayes* v. *Metropolitan Life Ins. Co.* 236 Mass. 476. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596. *Blair* v. *National Reserve Ins. Co.* 293 Mass. 86. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471.

But reinstatement in compliance with the terms of the policy not having been effected, the plaintiff next contends that there was a reinstatement either by waiver or by estoppel, or that the lapse of the policy was waived, or that the defendant was estopped to deny that the policy was in force and effect in June, 1941, when his disability occurred for which he seeks benefits under the policy.

A fraudulent misrepresentation of the nature and contents of a writing by which one was induced to sign it may render the instrument voidable. *Barrett* v. *Conragan,* 302 Mass. 33. *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262. The plaintiff, however, is not seeking to set aside the application. Indeed, as an application it had no validity. The contention now is that he was misled by Perry in thinking he had signed a receipt and that, he having paid the premium then in arrears and all subsequent premiums up to the time of his disability, the company had waived the lapse of the

policy or is estopped to claim that the policy was not in effect at the time of the plaintiff's disability. At least, a jury, he urges, could so find upon the evidence.

The plaintiff must be assumed to have known the terms of the policy as to the limitations upon Perry's authority in acting upon matters dealing with the reinstatement of the policy, and that reinstatement could not be accomplished in accordance with the provisions of the policy unless the plaintiff furnished evidence of insurability satisfactory to the defendant. He must have known that reinstatement could not be effected in compliance with the policy merely by paying the premium then in arrears and by giving Perry a receipt for a check. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528. *Atwood* v. *Caledonian American Ins. Co.* 206 Mass. 96. *Urbaniak* v. *Firemen's Ins. Co.* 227 Mass. 132. *Souza* v. *Metropolitan Life Ins. Co.* 270 Mass. 189. *Northern Assurance Co.* v. *Grand View Building Association*, 183 U. S. 308, 361. *Aetna Life Ins. Co.* v. *Moore*, 231 U. S. 543.

The filing of an application was a condition precedent to the reinstatement of the policy. It was the duty of the plaintiff to see that such an application was properly made out and filed. If the application filed by Perry was invalid because of false answers made by him without the plaintiff's authority, the defendant would not be bound by the conduct of Perry, nor would it be held to have waived its rights to insist upon observance of the terms of the policy relative to reinstatement, nor would it be estopped to challenge the validity of the reinstatement, even though the plaintiff did not know that Perry filled in false answers and, relying upon the application, continued to pay all subsequent premiums. *Worcester Bank* v. *Hartford Fire Ins. Co.* 11 Cush. 265. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. *Holden* v. *Metropolitan Life Ins. Co.* 188 Mass. 212. *Reidy* v. *John Hancock Mutual Life Ins. Co.* 245 Mass. 373. *Clark* v. *Mutual Life Ins. Co.* 251 Mass. 1. *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492.

*Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299. *Santarpio* v. *New York Life Ins. Co.* 301 Mass. 207. *Axelroad* v. *Metropolitan Life Ins. Co.* 267 N. Y. 437. *New York Life Ins. Co.* v. *Odom,* 93 Fed. (2d) 641.

If the plaintiff is precluded, by the mistake, negligence or even fraud of Perry in making out false answers without the plaintiff's authority, from relying upon the application, it is difficult to perceive any reason why he is not also precluded from relying upon waiver or estoppel arising out of the alleged fact that he was induced to sign a receipt through the fraud of Perry while the latter was dealing with the plaintiff with reference to the reinstatement of the policy. If the defendant is not bound by Perry's conduct in making out false answers, it ought not to be bound by his conduct in procuring the receipt. Indeed, we think the position of one who relies upon an application for reinstatement which through the fraud, neglect or mistake of a reinstatement clerk turns out to be invalid is stronger than the position of one relying upon a receipt, procured by fraud of the defendant's clerk, which he must be assumed to know was insufficient to effect a reinstatement in accordance with the terms of the policy. Whether the fraud of Perry took one form or the other, the defendant was not prevented from dealing with the application upon its face value and thereafter dealing with the policy as one that had been reinstated and accepting the subsequent premiums upon that basis.

The unconditional acceptance of premiums by an insurance company, after full knowledge of the breach of the conditions of a policy or its lapse for the nonpayment of premiums, ordinarily constitutes a waiver of the breach or lapse. *Shea* v. *Massachusetts Benefit Association,* 160 Mass. 289. *White* v. *McPeck,* 185 Mass. 451. *McNicholas* v. *Prudential Ins. Co.* 191 Mass. 304. *Paloeian* v. *Day,* 299 Mass. 586. See G. L. (Ter. Ed.) c. 175, § 108 (f) (5). Compare G. L. (Ter. Ed.) c. 175, § 132 (11). Where the payment is made for the purpose of reviving a lapsed policy and is accepted by the company upon that basis, the policy becomes operative upon the acceptance of the payment. That principle is not applicable here where the evidence indicates

nothing more than the acceptance of premiums upon a policy which the defendant was entitled to regard as having been reinstated by the plaintiff, who, as shown by the application signed by him, had apparently furnished satisfactory evidence of his insurability in accordance with the terms of the policy. The evidence would not warrant a finding that the payments were unconditionally accepted by the defendant as due upon a policy which had lapsed and had not been formally and actually reinstated in the manner provided by the policy. Apart from the knowledge of Perry of the alleged misrepresentation that the application was a receipt, if in fact any such misrepresentation was made, which knowledge would not bar the defendant from insisting upon the terms of the policy, *Hayes* v. *Metropolitan Life Ins. Co.* 236 Mass. 476; *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, the latter had no information that the application was not valid, and it had the right to assume that the plaintiff paid all premiums subsequent to the lapse of the policy in accordance with and subject to its terms as to reinstatement. *Hayes* v. *Metropolitan Life Ins. Co.* 236 Mass. 476. *Kukuruza* v. *John Hancock Mutual Life Ins. Co.* 276 Mass. 146. *Lopardi* v. *John Hancock Mutual Life Ins. Co.* 289 Mass. 492. *Santarpio* v. *New York Life Ins. Co.* 301 Mass. 207.

*Exceptions overruled.*