EVELYN T. BOUSQUET *vs.* TRANSPORTATION INSURANCE
COMPANY.

Plymouth.    March 8, 1968. — April 5, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Insurance,* Accident insurance, Reinstatement of policy.

In an action on a life insurance policy by the beneficiary, where it appeared
that after the policy had lapsed for nonpayment of a renewal premium
the insurer's agent accepted the premium from the insured and re-
quired him to submit an application for reinstatement of the policy,
which application recited that reinstatement should not "take effect
until . . . this application has been approved by" the insurer's home
office, but that the agent did not issue to the insured a "conditional
receipt for the premium tendered," it was held that the provision of
G. L. c. 175, § 108, cl. 3 (a) (4), added by St. 1954, c. 275, § 1, that
where a reinstatement application is required "and" such a receipt is
issued "the policy will be reinstated upon approval of such application
by the insurer" did not apply, and that acceptance of the premium
by the agent reinstated the policy by reason of a provision of § 108,
cl. 3 (a) (4), that such an acceptance, "without requiring in connection
therewith an application for reinstatement, shall reinstate the policy,"
and that the plaintiff was entitled to recover on the policy for the
death of the insured before the insurer approved the reinstatement
application.

CONTRACT.    Writ in the Superior Court dated June 10,
1964.

The action was heard by *Brogna,* J.

*Cortland A. Mathers,* for the plaintiff, submitted a brief.

*Sumner H. Rogers* for the defendant.

KIRK, J.    In this action of contract for money due under
a life accident indemnity policy the judge made a finding
for the defendant on a case stated.    The finding in effect
was an order for judgment.    *National Cash Register Co.* v.
*Warner,* 335 Mass. 736.    *Woodworth* v. *Commonwealth,* 353
Mass. 229.    The plaintiff appeals.

Prior to January 1, 1963, the plaintiff's husband Alfred
had maintained with the defendant an accident and sickness
insurance policy naming the plaintiff as beneficiary in the

event of his death. The insurance policy issued to Alfred contained the provision relating to reinstatement prescribed by G. L. c. 175, § 108, cl. 3 (a) (4).[1]

On January 1, 1963, the policy lapsed for nonpayment of premium. We quote from the case stated. "On October 28, 1963, . . . [Alfred] presented his check, which is appended hereto . . . to an agent of the defendant, duly authorized to receive it. At the same time, . . . [he] signed and delivered to that agent, the application for re-instatement appended hereto . . . ." On that application, which was prepared by the insurer, there appears immediately above Alfred's signature, the statement "[D]o you agree that if the above-numbered policy is reinstated such reinstatement shall be in accordance with the terms of the policy and shall not take effect until premium has been paid and this application has been approved by the Home Office of the TRANSPORTATION INSURANCE COMPANY." The defendant's agent did not execute or deliver to Alfred a conditional receipt for the premium received. On November 12, 1963, two weeks after the receipt of the premium the agent forwarded the application for reinstatement to the home office.[2] On November 17, 1963, Alfred was injured in an accident which was within the terms of the policy and died that day as a result of his injuries.

On November 19, 1963, an "official receipt of premium," stating that the policy had been reinstated according to its terms and that premium had been paid to February 1, 1964, was mailed to Alfred. Thereafter, following receipt

---

[1] "Reinstatement. — [A] If any renewal premium be not paid within the time granted the insured for payment, a subsequent acceptance of premium by the insurer or by any agent duly authorized by the insurer to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate the policy; [B] provided, however, that if the insurer or such agent requires an application for reinstatement and issues a conditional receipt for the premium tendered, the policy will be reinstated upon approval of such application by the insurer or, lacking such approval, upon the forty-fifth day following the date of such conditional receipt unless the insurer has previously notified the insured in writing of its disapproval of such application." [A] and [B] are inserted for convenient reference.

[2] The form of conditional receipt was at the bottom of the same sheet of paper on which the form of application was printed. The entire sheet of paper including the form of conditional receipt was sent to the home office.

of "Notice of Claim" and "Proofs of Loss" as provided in the policy, the insurer tendered to the widow the premium paid, which she declined. This action resulted.

Clause 3 (a) (4) of § 108 of c. 175 of the General Laws was added by St. 1954, c. 275, § 1. Prior to 1954, unconditional acceptance of premiums by an insurance company or its duly authorized agent after full knowledge of a lapse of a policy for non-payment of premiums constituted a waiver of the lapse. G. L. (Ter. Ed.) c. 175, § 108 (f) (5). *Rosenthal* v. *Monarch Life Ins. Co.* 290 Mass. 254, 257. *Bogosian* v. *New York Life Ins. Co.* 315 Mass. 375, 382.

The current statute in provision [A] of cl. 3 (a) (4) substantially retains the prior law. In the proviso [B], however, the Legislature spells out the conditions precedent which the insurer must meet to avoid waiver of lapse (or automatic reinstatement) of the policy by the acceptance of premium by a duly authorized agent. The insurer must require an application for reinstatement and issue a conditional receipt for the premium tendered. The insurer here did not meet the latter condition; no conditional receipt was issued to Alfred. The acceptance of the renewal premium is therefore governed by provision [A] of cl. 3 (a) (4). The policy was reinstated. To hold otherwise would condone an easy evasion of the statute by the insurer. Despite its failure to comply in part with proviso [B] (not issuing a conditional receipt), it would nullify provision [A] (by furnishing an application to be signed by him) and, in consequence, substitute a method of reinstatement not authorized by the statute, namely the terms of its application alone. It is our opinion that the application signed by Alfred, without its counterpart receipt being issued to him, cannot be used to override the reinstatement language of the policy which the Legislature has prescribed. See *Rosenthal* v. *Monarch Life Ins. Co.* 290 Mass. 254, 257–258. The case arises not, as argued, because the statute is ambiguous nor because the statute does not encompass the situation which has developed. It arises because the insurer has not complied with the statute.

The Legislature apparently felt that the issuance of a conditional receipt was a necessary safeguard for the protection of the insured when the insurer required an application for reinstatement. The language of an application on a form provided and prepared for his signature by the insurer and his agent might not be brought home to the insured, especially where after delivery to the agent the insured does not see it again. The possession of the conditional receipt by the insured, however, may serve immediately as a warning and thereafter as a reminder that he is not yet insured. With that knowledge he might obtain temporary insurance or urge upon the agent the need for speedy action for reinstatement (here the forwarding of the application was two weeks after the signing) or he might change his plans, such as a trip, until reinstatement is effected. In any event, it is not our province to alter a requirement established by the Legislature.

The defendant has called to our attention *Walls* v. *Prudential Ins. Co.* 12 D. & C. 2d (Pa.) 336, decided under a statute identical to G. L. c. 175, § 108, cl. 3 (a) (4), which is derived from the Uniform Individual Accident and Sickness Policy Provision Law, first promulgated by the National Association of Insurance Commissioners in 1950. On its facts the *Walls* case is distinguishable since the full premium due under the policy was not tendered (p. 340). In so far as the *Walls* case may be read to dispense with the requirement that a conditional receipt be issued, we do not agree with it.

The order for judgment is reversed. Judgment is to be entered for the plaintiff, under the terms of the case stated, in the sum of $3,750 with interest and costs.

*So ordered.*