**Nancy L. DOLAN, Plaintiff,**

v.

**UTICA MUTUAL INSURANCE COMPANY, Defendant.**

Civ. A. No. 85–0984–C.

United States District Court, D. Massachusetts.

Dec. 31, 1986.

See also, 630 F.Supp. 305.

Michael J. Calabro, Flanagan and Hunter, Boston, Mass., for plaintiff.

Philip T. Tierney, Eugene G. Coombs, Coombs and Ryan, Boston, Mass., John G. Ryan, for defendant.

CAFFREY, Senior District Judge.

This is a civil action for breach of a contract of insurance, and for unfair claim settlement practices and unfair or deceptive trade practices in violation of M.G.L. c. 176D and M.G.L. c. 93A. Jurisdiction is based on diversity. 28 U.S.C. § 1332. Plaintiff Nancy L. Dolan is a resident of Massachusetts. Defendant Utica Mutual Insurance Company ("Utica") is a corporation organized under the laws of New York. The matter is now before the Court on defendant's motion for a directed verdict on the breach of insurance contract claim (Count One) and finding of no liability on the unfair practices claim (Court Two). The parties agree that the only issue remaining in this case is a question of law to be decided by the Court. The question presented is whether the partial payment of a compulsory automobile insurance premium by an insured, which was then received and accepted by the insurer after the purported date of cancellation and after the date of an accident for which the insured claims loss, estops the insurer from raising cancellation of the policy as a defense and thus constitutes a waiver of the lapse of the policy.

The essential facts are as follows. Utica insured Dolan under a standard Massachusetts Automobile Insurance Policy ("the policy") issued on February 21, 1983. Dolan elected to pay her premiums on an installment plan. On August 8, 1983 Utica sent a Statutory Notice of Cancellation to Dolan for non-payment of the insurance premium, and Dolan received this notice on August 12, 1983. The notice stated that the insurance policy would be cancelled on September 4, 1983 unless "the full amount due," which was $208.32, was "paid on or prior to the effective date of cancellation."

Utica received a premium payment of $141.72 from Dolan on August 9, 1983. Dolan testified that she wrote to Utica, contesting the amounts due and requesting an accounting. Dolan also testified that she sent a check for $50.00 to Utica on August 28, 1983. The parties agree, however, that Utica did not receive this check until September 21, 1983. Dolan further testified that she sent an additional $150.00, in the form of a money order. Utica denies ever receiving this $150.00 amount, however, and Dolan testified that she stopped payment on the money order and received the $150.00 back from the bank upon which the check was drawn.

On September 4, 1983, the date of cancellation, Utica had not received the full premium amount due. Consequently, on September 5, 1983 Utica sent the Statutory Notice of Cancellation to the Registrar of Motor Vehicles with a copy to Dolan. On September 17, 1983 Dolan suffered personal injuries and the total loss of her automobile in an automobile accident. The parties have stipulated to the dollar amount of her loss. On September 21, 1983—seventeen days after cancellation of the policy and

four days after Dolan's automobile accident—Utica received and accepted a check from Dolan for $50.00. This $50.00 partial premium payment brought the total of Dolan's premium payments to $191.72, 92% of the full premium balance requested by Utica to be paid by September 4, 1983 to avoid cancellation.

Plaintiff argues that Utica's acceptance of the partial premium payment of $50.00 after the purported date of cancellation serves to continue or reinstate the coverage under Dolan's insurance policy and estops Utica from raising the cancellation of the policy as a defense to plaintiff's breach of insurance contract claim. Defendant asserts that Massachusetts case law establishes that lapse due to nonpayment of premiums is waived by an insurer only when it later accepts a subsequent premium payment of the full balance due, but not when only part of the premium amount due is paid and accepted.

In Massachusetts an insurer's unconditional acceptance of premiums on a policy after the policy lapses for nonpayment of premiums constitutes a waiver of the lapse. *Bogosian v. New York Life Insurance Company*, 315 Mass. 375, 382, 53 N.E.2d 217 (1944); *Bousquet v. Transportation Insurance Company*, 354 Mass. 152, 154, 235 N.E.2d 807 (1968). The case law indicates that for waiver to operate, and thus the insurer to be estopped from claiming cancellation of the policy, premium payments accepted subsequent to purported cancellation must be for the full amount due, not a partial amount. *Bousquet, supra; Paloeian v. Day*, 299 Mass. 586, 13 N.E.2d 398 (1938). In *Paloeian*, the insurer sent the insured notice that the insurance policy would be cancelled at 12:01 a.m. on a specified date due to nonpayment of premiums. About twelve hours after the cancellation of the policy became effective, the insured's husband paid "the unpaid balance of the premium." *Id.* at 584, 13 N.E.2d 398. The insurer accepted and retained this payment. A month later, the insured suffered injuries in an accident, and claimed coverage. In holding that the insurance policy would be deemed to be in

effect at the time of the accident the court took special note that the post-cancellation premium accepted by the insurer had been for the full amount due. *Id.* The court stated that "In our opinion the acceptance by the defendant of the *balance of the premium* after cancellation of the policy estopped the defendant from insisting upon the cancellation as a defense." *Id.* (emphasis added).

*Bousquet v. Transportation Insurance Company*, 354 Mass. 152, 235 N.E.2d 807 (1968) presents a set of circumstances similar to *Paloeian*. The dispute in *Bousquet* involved an accident and sickness insurance policy. On January 1, 1963 the policy lapsed for nonpayment of premiums. On October 28, 1963, the insurer's agent accepted a check for the premium due to reinstate the policy. On November 17, 1963 the insured was injured and claimed coverage. The court noted that Massachusetts state law, G.L. (Ter.Ed.) c. 175, § 108[A] of cl. 3(a)(4), retained the prior rule that "unconditional acceptance of premiums by an insurance company or its duly authorized agent after full knowledge of a lapse of a policy for non-payment of premiums constitute[s] a waiver of the lapse." *Bousquet*, 354 Mass. at 154, 235 N.E.2d 807. The insurer failed to satisfy the additional conditions precedent required by statutes for an insurer to avoid waiver of lapse. The court concluded that the insurer's acceptance of the premium payment waived the prior lapse due to nonpayment of premiums and therefore the policy was reinstated. *Id.*

As in *Paloeian*, the insured in *Bousquet* had paid the full balance of the premium due. Furthermore, the court in *Bousquet* explicitly made a distinction between full and partial payment of premiums due. In response to the plaintiff's reliance on *Walls v. Prudential Insurance Company*, 12 D & C 2d (Pa.) 336, a case the court in *Bousquet* deemed contrary to its decision and based on a statute identical to the one at issue, the court in *Bousquet* stated that "[o]n its facts the *Walls* case is

distinguishable since *the full premium due* under the policy was not tendered." *Id.,* 354 Mass. at 155, 235 N.E.2d 807 (emphasis added). By distinguishing *Walls* on the basis of full versus partial payment of premiums due, the Supreme Judicial Court indicated that acceptance by an insurer of less than full amount of unpaid premiums due, after purported cancellation, would not constitute a waiver of lapse due to nonpayment of premiums. In the present case Dolan's post-cancellation premium payment accepted by Utica was only a partial premium payment, less than the unpaid balance. Utica's acceptance of this post-lapse payment therefore does not act as a waiver of the previous lapse or estop Utica from raising the September 4, 1983 cancellation as a defense to plaintiff's breach of insurance contract action.

The prior decision of this Court in *Vinnie's Wholesale Fish Market, Inc. v. Canadian Marine Underwriters, Ltd.,* 441 F.Supp. 341 (D.Mass.1977) is not inconsistent with ruling that Massachusetts law requires acceptance of a post-cancellation premium payment to be for the full unpaid balance in order for the insurer to be estopped from raising cancellation of the policy as a defense. In *Vinnie's* this Court ruled that "an insurer's acceptance of a partial premium payment by the insured amounted to a waiver of any prior cancellation and to reinstatement of the insurance policy." *Id.* at 344. In *Vinnie's,* however, this Court was sitting in admiralty, not diversity. *Id.* at 342. Thus *Vinnie's* is not particularly relevant to resolving the partial versus full payment issue in this case under Massachusetts law.

■ To the extent that Massachusetts cases have not directly ruled on the partial versus full post-cancellation premium payment issue, and to the extent that *Vinnie's, supra,* holds to the contrary, there is an alternative ground for deciding that Utica is not estopped from raising cancellation of the policy as a defense or deciding that Utica has not waived lapse of the policy due to nonpayment of premiums. The rationale of the rule that acceptance of a post-cancellation premium estops the insurer from claiming cancellation of the policy is that the insured has a right to rely on the insurer's acceptance of the premium payment as an indication of continued insurance coverage. *See Paloeian,* 299 Mass. at 589, 590, 13 N.E.2d 398; *Bousquet,* 354 Mass. at 155, 235 N.E.2d 807. Since the focus of the post-cancellation premium estoppel rule is on the insured's reasonable reliance on the insurer's indication of continued insurance coverage, courts have added a limiting rule that payment and acceptance of a premium made after the policy has lapsed for nonpayment is ineffective if loss has been sustained during default and prior to the making and acceptance of such payment. *See, e.g., Brazil v. Giuffrida,* 763 F.2d 1072, 1075–1076 (9th Cir.1985); *Schifalacqua v. CNA Insurance,* 567 F.2d 1255, 1257–58 (3rd Cir. 1977). *See also Couch on Insurance* 2d (Rev. ed.) § 32:85 (1985). The court in *Schifalacqua* explained that the basis of this limiting rule is that "[d]uring the interval between lapse and the tender of late payment, the insured can in no way rely on the company's subsequent acceptance of his payment." *Schifalacqua,* 567 F.2d at 1258.

Similarly, Massachusetts cases finding estoppel and waiver of lapse have noted that the insured relied on the insurer's acceptance of the post-cancellation premium payment, and that the insured suffered a loss after such reliance.[1] In *Paloeian* the underlying rationale is that an insurance company, having accepted a late premium payment, could not interpose the de-

---

1. *Vinnie's Wholesale Fish Market, Inc. v. Canadian Marine Underwriters Limited,* 441 F.Supp. 341 (D.Mass.1977) is distinguishable on this basis. The statement in *Vinnie's* that acceptance of a partial payment avoided the effects of the insurance policy automatic cancellation clause was in the context of post-cancellation insurance premiums being accepted *prior* to the accident for which the insured claimed loss. *Vinnie's* thus did not address the situation in the present case where the insurer accepted a post-cancellation premium payment *after* the incident for which the insured claims loss.

fense of cancellation of the policy upon the subsequent occurrence of an automobile accident or other loss to the insured. *Paloeian*, 299 Mass. at 590, 13 N.E.2d 398; *See also Bousquet*, 354 Mass. at 155, 235 N.E.2d 807. Plaintiff in this case argues that she relied on the defendant's acceptance of her continued premium payments for coverage on her automobile. The relevant premium payments, with respect to estoppel and waiver of lapse, are post-cancellation premium payments. The parties have stipulated that the insurer's records show that defendant accepted only one post-cancellation premium payment—a check for $50.00 on September 21, 1983, after the occurrence of plaintiff's automobile accident. Consequently, plaintiff could not rely on defendant's subsequent acceptance of a post-cancellation premium payment. In addition, there is no evidence that Utica was benefitting from post-cancellation premium payments yet simultaneously withholding insurance coverage for the same time period.

In summary, by accepting a partial premium payment after the date of cancellation of the policy and after the date for which loss is claimed, Utica has not waived the lapse of the policy nor is estopped from raising the cancellation of the policy as a defense to plaintiff's breach of insurance contract claim. Defendant's motion for a directed verdict on Count One should therefore be allowed.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendant's motion for a directed verdict as to Count One is allowed.

2. Defendant's motion for a finding of no liability on Count Two is continued. The parties are directed to submit briefs addressing defendant's motion for a finding of no liability as to Count Two within 10 days of the filing of this Order.