Dohoney, J.
This case arises from a dispute regarding insurance coverage under a homeowner’s insurance policy. Lee Prevosk (“plaintiff’) made a claim to her insurance company, Quincy Mutual Fire Insurance Company (“defendant”), for a lost diamond ring. Defendant denied the claim. Plaintiff then filed a complaint alleging (1) breach of contract; (2) misrepresentation; (3) violation of c. 93A, §9; and (4) violation of c. 176D, §3(l)(a).[1] Defendant filed an answer and counterclaim for reformation of the insurance policy contract. The parties filed cross motions for summary judgment. After hearing counsel for the parties and based on the parties’ written submissions, plaintiffs motion for summary judgment is ALLOWED in part and DENIED in part. Defendant’s motion for summary judgment is DENIED.
BACKGROUND
Plaintiff obtained a homeowner’s insurance policy from defendant in 1985. In May, 1989, plaintiff added to that policy a jewelry schedule including a diamond ring. The jewelry schedule included an appraisal from E.B. Horn Company. That appraisal described the diamond ring as a “ladies oval diamond ring set in 14 *642 carat yellow gold, six prong Tiffany setting, weighing 2.14 carat, color and clarity A-2.” She paid premiums in addition to those due under the homeowner’s policy for the extra coverage provided. In August 1989, plaintiff reported a loss of the ring. Defendant offered plaintiff the option of a replacement ring or the actual cash value. Plaintiff chose to take the cash value which amounted to approximately $6800.00.
Subsequent to this, plaintiff purchased another ring, similar to the one she had lost. She never specifically notified defendant of this ring. However, her insurance policy continued to list the ring on the jewelry schedule and she continued to pay premiums for that coverage. Plaintiff believed this second ring was covered under the policy because it was still listed and she was paying the premiums. She had the second ring appraised by a California jeweler in January, 1990. This appraisal described the ring as a ladies 14 carat yellow gold ring, oval shaped, six prongs, 2.14 carat. The clarity and color were different than the first ring. It was appraised at $15,520.00.
Plaintiff lost this second ring in February 1993. She made a claim for it which was denied by defendant on the basis that the ring lost was not the one described in the policy. Defendant offered to refund the overpaid premiums but this offer was rejected by plaintiff. After denial of the claim, plaintiff filed a c. 93A demand and this current litigation.
DISCUSSION
A.Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
B.Breach of Contract and Misrepresentation Claims
Plaintiff claims there has been a waiver by the defendant because defendant accepted plaintiffs premium payments. Plaintiff also asserts in support of the waiver argument that she relied on the language in the policy and on the fact that she was making premium payments. Defendant claims that because the second ring is not the specific ring listed on the policy there was no meeting of the minds as to coverage for the second ring, therefore there was no contract. This Court agrees with plaintiff.
In Massachusetts, there has been a consistent line of cases holding that unconditional acceptance of premium payments by an insurance company constitutes a waiver by the insurance company which estops it from denying coverage. Bousquet v. Transportation Insurance Co., 354 Mass. 152, 155 (1968); Bogosian v. New York Life Insurance Co., 315 Mass. 375, 382 (1944); Paloeian v. Day, 299 Mass. 586, 590 (1938); R&F Micro Tool Co. v. General American Life Insurance Co., 23 Mass.App.Ct. 694, 698 (1987); Dolan v. Utica Mutual Insurance Co., 650 F.Supp. 851, 853 (D. Mass. 1986) (applying Massachusetts law). The rationale for this ruling is that “the insured has a right to rely on the insurer’s acceptance of the premium payment as an indication of continued insurance coverage.” Dolan at 854, citing Paloeian at 589-90, Bousquet at 155. Although most of these cases concern the insured’s failure to make timely premium payments, the reasoning behind those decisions applies equally to the case at bar.
Plaintiff here relied on the policy rider which identified the ring as a ladies’ oval 14 carat yellow gold, 2.14 carat diamond ring. This basic description is applicable to both rings. Moreover, she relied on the fact that she was continuing to pay the premiums for coverage of the ring. Therefore, defendant is estopped from denying that the second ring was covered under the policy and thus plaintiffs motion for summary judgment as to liability only on the breach of contract and misrepresentation claims is ALLOWED.
This Court finds that there are genuine issues of material fact with respect to damages. Therefore, plaintiffs motion for summary judgment as to damages on the breach of contract and misrepresentation claims is DENIED.
C.Chapter 93A and Chapter 176D Claims
Plaintiff alleges in her complaint that defendant violated c. 93A and c. 176D by denying plaintiffs insurance claim. Defendant denies that its conduct with respect to the denial of plaintiffs claim amounts to an unfair and deceptive act.
Massachusetts courts have held that causes of action in which state of mind or motive are an essential element are inappropriate for summary judgment. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Quincy Mutual Fire Insurance Co. v. Abernathy, 393 Mass. 81, 86 (1984). Specifically, the SJC has held that motions for summary judgment in c. 93A and c. 176D cases should almost always be denied. Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 400, n.9 (1994); Noyes v. Quincy Mutual Fire Insurance Co., 7 Mass.App.Ct. 723, 725-726 (1979). The reasoning is that there are usually genuine issues of material fact with respect to a defendant’s knowledge and intent. In this case, there are clearly issues of fact regarding defendant’s motive, knowledge, and intent in denying plaintiffs insurance claim. *643 Thus, plaintiffs motion for summary judgment as to the c. 93A and c. 176D claims is DENIED.
ORDER
Based on the foregoing, plaintiffs motion for summary judgment is ALLOWED as to liability only on the breach of contract and misrepresentation claims and DENIED as to the c 93A and c. 176D claims. Defendant’s motion for summary judgment is DENIED.

The causes of action were not labelled as numbered counts. The use of (l)-(4) is for convenience only.