Rose McMillon, Plaintiff-Appellee, *v.* Old Republic Life Insurance Company, Defendant-Appellant.

(No. 75-196;

Fifth District—November 17, 1975.

*Rehearing denied December 15, 1975.*

Mark T. Petty, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

Edward T. McCarthy, of King, Naegler, McCarthy and Billeaud, of Edwardsville, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This appeal arises from an action brought to collect benefits provided by a health and accident insurance policy in the Circuit Court of Madison County. The trial court granted plaintiff's motion for summary judgment and defendant appeals.

The affidavits and admissions of fact filed in support and opposition to plaintiff's motion established the following:

On March 11, 1968, the defendant, appellant, Old Republic Life Insurance Co., issued a health and accident policy upon the life and health of Benjamin A. McMillon, the deceased husband of the plaintiff-appellee, Rose McMillon. The policy provided for an accidental death benefit of $10,000. It also included a provision granting a 31-day grace period within which to pay past due premiums without losing coverage under the policy. The McMillons did not pay the premium due on October 16, 1973.

The defendant-appellant, received the McMillon's money order for $17.20, the usual monthly premium, on November 27, 1973. Pursuant to usual procedures, the money order was automatically deposited for collection in Old Republic's account by an electronic data processing system. At the same time, the McMillon's accompanying premium notice was imprinted with the amount of the money order and processed through the defendant's computer. The computer applies the payments made to policies which are in force but does not apply any payments to lapsed policies. It then prints out a list of both categories of accounts. As the McMillon's policy had lapsed as of November 17, 1973, ten days before receipt of the money order by Old Republic, their account was included by the computer in the latter group. On December 4, 1973, five working days after receipt of the McMillon's payment, Mr. Saito, manager of the underwriting department, wrote a letter to the McMillons informing them that the policy had lapsed and that therefore Old Republic could not apply their premium payment to the policy. He also enclosed Old Republic's check for $17.20 as a refund of the McMillon's premium. The plaintiff received the letter and the check the next day. On December 8, the McMillons forwarded another money order for $34.20 to Old Republic. This money order was received on December 13, and promptly returned. On December 28, 1973, the insured, Benjamin McMillon was killed in an automobile accident in Madison County. Rose McMillon brought suit to collect the accidental death benefit, claiming the instant policy to be in force.

The dispositive issue on this appeal is whether, as a matter of law, the act of defendant in depositing the insured's premium payment reinstated the policy under the provisions of section 357.5 of the Illinois Insurance Code ( Ill. Rev. Stat. 1973, ch. 73, par. 969.5).

The statute provides in relevant part:

"REINSTATEMENT: If any renewal premium be not paid within the time granted the insured for payment, a subsequent acceptance of premium by the company or by any agent duly authorized by the company to accept such premium, without requiring in connection therewith an application for reinstatement,

shall reinstate the policy; provided, however, that if the company or such agent requires an application for reinstatement and issues a conditional receipt for the premium tendered, the policy will be reinstated upon approval of such application by the company or, lacking such approval, upon the 45th day following the date of such conditional receipt unless the company has previously notified the insured in writing of its disapproval of such application. \* \* \*"

The statute is part of every contract of health and accident insurance delivered to any person in this State, and thus is applicable to the instant contract. (Ill. Rev. Stat. 1973, ch. 73, par. 969.1 (formerly par. 969a(1).) We must decide then, on the pleadings and the admissions and affidavits produced in support of, and in opposition to, plaintiff's motion for a summary judgment, whether there was no genuine issue of fact so as to preclude judgment as a matter of law for the plaintiff. (Ill. Rev. Stat. 1973, ch. 110, par. 57(3).) The trial court applied the rule that a health and accident policy is reinstated when an insurer or its authorized agent, deposits or cashes a late premium payment but does not issue a conditional receipt for the premium tendered, relying upon *Eike v. Central National Life Insurance Co.*, 129 Ill.App.2d 28, 262 N.E.2d 338 (1970); however, we do not think that this is a proper interpretation of the statute for the facts of this case.

■■ The rule of *Eike* equates receipt and negotiation (depositing or cashing) of an insured's late premium payment with "acceptance" under the statute. Although this rule is apparently consistent with *Perry v. Campbell*, 45 Ill.App.2d 271, 195 N.E.2d 844 (1963), where it was held that the insurer's depositing for collection a late premium payment waived the lapse of the insured's policy, even though the amount of the premium was refunded, it is not and should not be controlling here. It is not just the act of negotiating the insured's check which is considered in determining acceptance, but also the length of time the insurer holds the insured's payment and knowledge of an intervening loss. (*Van Hulle v. State Farm Mutual Automobile Insurance Co.*, 44 Ill.2d 227, 254 N.E.2d 457 (1969).) Furthermore, *Eike* and *Bousquet v. Transportation Insurance Co.*, 354 Mass. 152, 235 N.E.2d 807 (1968) (interpreting an identical statute), upon which the *Eike* court relied, are distinguishable. In both of these cases an application for reinsurance was required, but no conditional receipt was issued, payment was made to the insurer's agent, who took the payment for the purpose of reinstating the lapsed policy. Other facts were present which indicated the insurer's intention to reinstate the policy. Thus, the courts were addressing themselves to whether the insurer could avoid automatic reinstatement under the pro-

viso clause of the statute. In both these cases the loss occurred prior to the refunding of the premium.

■■ We believe the statute contemplates two instances where a health and accident policy will be reinstated by operation of law. One exists when an insurer requires an application for reinstatement and issues a conditional receipt, but does not notify the insured within 45 days of the date the conditional receipt was issued that it is rejecting his application. If an insurer does not require such an application, or fails to issue a conditional receipt in connection with a reapplication, the policy will be reinstated when it accepts the insured's late premium payment. We do not think that the legislature intended by this statute to compel insurers to require reapplications and conditional receipts for lapsed health and accident policies. Since Old Republic did not require an application for reinstatement, we must determine whether it accepted the McMillon's late premium payment.

■■ In those cases we have examined where the insurer was held to have waived lapse because of "acceptance" of a late premium payment, not only did the insurer negotiate or dispose of the insured's check but it also either held the check for a much longer time than five working days (*Van Hulle* (22 days); *Horace Mann Insurance Co. v. Brown*, 13 Ill.App.3d 330, 300 N.E.2d 20 (1973) (28 days followed by letter indicating policy would be reinstated if proper premium were tendered, which then was tendered, and held for 46 days)), or manifested its intention to reinstate the policy (*Eike; Perry v. Campbell; Spiers v. Union Life Insurance Co.*, 345 Ill.App. 351, 103 N.E.2d 165 (1952)). (See also *Bousquet v. Transportation Insurance Co.*) Although most of these cases are not based upon the instant statute, we think they are helpful in determining the meaning of "acceptance" as contemplated by the statute. Thus, we hold that for there to be acceptance within the meaning of the instant statute, there must be more than receipt and automatic negotiation by the insurer of a late premium payment. There must be some retention of the payment by the insurer, or other action by it, which is inconsistent with its claim that it did not accept the late payment. *Horace Mann Insurance Co. v. Brown* would require that the insurer also have knowledge of an intervening loss.

■■ In the present case, on the pleadings, admissions and affidavits before us, we do not think that Old Republic accepted the McMillon's late premium payment. Old Republic automatically deposited the McMillon's payment, but promptly reviewed their file and elected not to reinstate the policy prior to the occurrence of loss. The McMillons were sent a letter which unequivocally and unambiguously notified them of the lapse of their policy, and a check to refund their premium payment.

Since we hold that Old Republic did not accept the McMillon's late premium payment by depositing their check, the policy was not reinstated by the statute, and the trial court erred in granting plaintiff summary judgment.

Therefore, the judgment of the Circuit Court of Madison County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JONES, P. J., and CARTER, J., concur.