MARTIN McKINNEY, Plaintiff-Appellant, v. COUNTRY MUTUAL INSUR-
ANCE COMPANY, Defendant-Appellee.

Fourth District   No. 4—86—0760

Opinion filed April 30, 1987.

Robert E. Utter, of Mt. Sterling, for appellant.

Kent R. Schnack, of Loos, Schnack & Siebers, of Quincy, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

The plaintiff, Martin McKinney, filed a two-count complaint against his insurance company, the Country Mutual Insurance Company. Count II was a claim under the uninsured-motorist provision of plaintiff's mother's policy and is not involved in this appeal.

Count I was a claim for damages to plaintiff's motor vehicle which were sustained when his girlfriend had a one-car accident, resulting in the destruction of his vehicle. Plaintiff was a passenger in his car at the time of the accident. Plaintiff claimed coverage under a successive renewal policy issued by defendant. Defendant disputed coverage. Both parties filed motions for summary judgment. Plaintiff's motion for summary judgment was granted on June 4, 1986. Defendant's motion to reconsider was granted on August 5, 1986, and summary judgment entered in favor of defendant. Plaintiff's motion to reconsider was denied on October 9, 1986. Plaintiff filed a timely notice of appeal on November 7, 1986.

The parties are in agreement that the following chronology of the events which are relevant to this dispute is accurate.

August 18, 1984, a renewal premium of $553.72 was due.

August 23, 1984, defendant mailed lapse notice. The notice provides that the coverage termination date is September 4, 1984, at 12:01 a.m. The notice further provides:

"According to our records at this time, the premium to renew this policy has not been received. Renewal premium for this policy is Five Hundred Fifty-three Dollars & Seventy-two Cents ($553.72.)"

The notice further provides:

"LAPSE NOTICE—The premium to renew this policy has not been received. Therefore, your policy lapsed on the premium due date. However, if payment of the amount due is received by the coverage termination date, and approved by the company, you will receive notification providing you with uninterrupted protection. If payment of the amount due is received after the termination date, protection may be reinstated as of the date of such amount is received and approved by the company."

August 27, 1984, premium check mailed to company.

August 28 through 30, 1984, premium check received by company and cashed.

August 31, 1984, check received by bank and debited to payor account.

September 4, 1984, coverage termination date.

September 8, 1984, plaintiff received a letter dated September 5, 1984, from defendant, which stated, in pertinent part:

"We are declining your request for reinstatement because of four losses in two years. Specific information on the losses is available in the Pike County Country Companies office. Enclosed with this letter is a check for $553.72.

This policy is not in force and is not providing coverage. Please contact your Country Companies agent if you have any questions."

The refund check from defendant is dated September 6, 1984. The check is in the amount of $553.72, and the reason for payment is marked "cancellation." Plaintiff never cashed the refund check.

September 9, 1984, motor vehicle accident occurred.

The policy in question provides, in pertinent part:

"Policy Period. This policy applies only to a loss which occurs during the policy period. The policy period, unless otherwise designated on the declarations page, is for a term of six months beginning on the time and date stated on the declarations page. This policy will remain in effect for each successive six months period for which you pay the required renewal premium. If you fail to pay the renewal premium, the policy will lapse on the renewal date. We will not be liable under any of the provisions of the policy for loss, damage or injury occurring between the date the policy lapses and the time we receive and accept the renewal premium."

Based upon this chronology of events, we conclude that the trial court properly granted summary judgment for defendant. According to the terms of the policy, coverage "lapsed" on the renewal date, August 18, 1984, because plaintiff failed to timely pay the premium that was due. However, pursuant to sections 143.16 and 143.17 of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1983, ch. 73, pars. 755.16, 755.17) defendant was required to give plaintiff 10 days' notice of cancellation where cancellation is for nonpayment of premium. Defendant complied with the foregoing provision by notifying plaintiff by mail on August 23, 1984, that the termination date had been extended to September 4, 1984. Defendant's lapse notice constituted a solicitation for an offer by plaintiff. The crucial language of this notice was as follows:

"If payment of the amount due is received by the coverage termination date, *and approved by the company*, you will receive notification providing you with uninterrupted protection." (Emphasis added.)

The tender of the premium check prior to the termination date constituted an offer by plaintiff to purchase insurance coverage from defendant. Plaintiff argues that defendant's cashing of the check constitutes acceptance or approval of the premium. Defendant notes that the premium payment was returned prior to the accident and although the check was initially cashed, that action alone does not constitute approval or acceptance of the offer by plaintiff to purchase insurance from defendant.

■ Thus, the precise issue in this case is whether or not defendant's actions in cashing the premium check constituted an "acceptance" or "approval" of plaintiff's offer to purchase insurance. From our review of the relevant case law, we conclude that the actions of defendant did not constitute an acceptance of plaintiff's offer to purchase insurance from defendant. As the court stated in *McMillon v. Old Republic Life Insurance Co.* (1975), 33 Ill. App. 3d 658, 662, 342 N.E.2d 246, 248-49:

> "In those cases we have examined where the insurer was held to have waived lapse because of 'acceptance' of a late premium payment, not only did the insurer negotiate or dispose of the insured's check but it also either held the check for a much longer time than five working days (*Van Hulle* (22 days); *Horace Mann Insurance Co. v. Brown*, 13 Ill. App. 3d 330, 300 N.E.2d 20 (1973) (28 days followed by letter indicating policy would be reinstated if proper premium were tendered, which then was tendered, and held for 46 days)), or manifested its intention to reinstate the policy (*Eike; Perry v. Campbell; Spiers v. Union Life Insurance Co.*, 345 Ill. App. 351, 103 N.E.2d 165 (1952)). (See also *Bousquet v. Transportation Insurance Co.*) Although most of these cases are not based upon the instant statute, we think they are helpful in determining the meaning of 'acceptance' as contemplated by the statute. Thus, we hold that for there to be acceptance within the meaning of the instant statute, there must be more than receipt and automatic negotiation by the insurer of a late premium payment. There must be some retention of the payment by the insurer, or other action by it, which is inconsistent with its claim that it did not accept the late payment."

The court in *McMillon* was interpreting the term "acceptance" as it is used in section 357.5 of the Code (Ill. Rev. Stat. 1973, ch. 73, par. 969.5). We believe that the meaning of the term "acceptance" as used in the foregoing statute is synonymous with the word "approval" as the term is used in the relevant documents in the instant case.

■ Although we are not bound by the court's holding in *McMillon*, we find the court's reasoning to be persuasive, and the issues involved in *McMillon* and the instant case to be analogous. We agree that an insurance company should be allowed a reasonable amount of time under these circumstances to decide whether or not to accept or approve a late premium payment which constitutes an offer to purchase insurance. Acceptance occurs in this context only if an insurance company retains a premium payment for an unreasonable length of time or otherwise manifests an intention to approve a late payment.

■ In the present case, based upon the record before us, we do not believe that defendant "accepted" plaintiff's late premium payment. Defendant automatically deposited plaintiff's payment, but promptly reviewed their file and elected not to reinstate the policy. Defendant notified plaintiff of this decision prior to the date of the accident. Defendant did not retain the tendered payment for an unreasonable period of time, or otherwise manifest an intent to accept the payment, and the payment was refunded prior to the accident. Under these circumstances, we hold that defendant did not accept or approve plaintiff's late premium payment. (*McMillon v. Old Republic Life Insurance Co.* (1975), 33 Ill. App. 3d 658, 342 N.E.2d 246.) Therefore, plaintiff was not insured by defendant at the time the accident occurred. Consequently, the trial court properly granted summary judgment for defendant.

For the foregoing reasons, the order of the circuit court of Pike County granting summary judgment in favor of defendant is hereby affirmed.

Affirmed.

LUND and KNECHT, JJ., concur.